HENRY A. SYMONDS *& als. versus* THOMAS W. HARRIS *& als.*

Where the officer's return and appraisers' certificate in a levy on real estate are informal and defective, and are amended by leave of Court, the amended returns are binding on the parties to the levy.

Where the appraisers appraised a parcel of real estate, and set out an undivided proportional part of it to the creditor, at an appraised value which did not agree with their appraisement of the whole parcel, the latter, being unnecessary, may be treated as surplusage and disregarded.

Machinery attached to a mill by spikes, bolts and screws, and operated by belts running from the permanent shafting driven by the water wheel under the mill, becomes a part of the realty.

The disseverance and removal of such machinery from the mill, and its incorporation with another mill, by one of the co-tenants without the assent of the other, is such a practical destruction of the common property, that an action of trespass may be maintained by the latter against the former.

TRESPASS *quare clausum.* The plaintiffs claim to be tenants in common with one George Blake of the mill, priv-

Symonds *v.* Harris.

ilege and machinery for a sash and blind factory, in New Gloucester, described in the writ, which was dated Nov. 29, 1859. Each defendant pleaded the general issue separately. Harris, by brief statement, alleged that he was the owner in whole or in part of the premises, that the defendants were not tenants in common, and that Blake was never a tenant in common therein. George Mayberry and B. S. Benson, also defendants, pleaded that whatever was done by them was done as servants and agents of Harris, and by his authority.

It was admitted that Harris owned the property, until the plaintiffs and George Blake obtained judgments against him, and levied their executions on the premises. The executions and returns thereon, and also amended returns, were introduced as evidence of the title of the plaintiffs and of Blake. Harris was present when the levies were made. The machinery was fastened to the mill by bolts and bands.

It appeared that in the night of Nov. 18, 1859, the defendants, without the consent of the plaintiffs, went into the mill, and removed the most of the machinery, and hauled it away to a mill in Gorham, since used by Harris; Mayberry and Benson acting as the servants of Harris in the removal.

At the November term, 1859, Rufus Berry, the officer who made the levies, petitioned the Court for leave to amend his returns, and the appraisers' certificates thereon, to supply certain omissions of facts, alleging that the proposed amendments were according to the facts, and that the omissions were made by mistake; and leave was granted.

In the original certificate of the appraisers, they stated that they had appraised the estate, building and machinery at $1050, and "set out of said estate five-fifteenths to Henry A. Symonds, within named, in common, to satisfy this execution and all fees," on one of the executions; on another four-fifteenths to Martha Symonds, &c.

In the amended certificate, after valuing the whole estate, the appraisers proceed as follows :—" and, as the same is

more than sufficient to satisfy this execution, and cannot be divided by metes and bounds without damage to the whole, we have set out of said estate five-fifteenths thereof, which we appraised at the sum of three hundred seventy-one dollars and seventy-six cents, to Henry A. Symonds, within named, in common and undivided, to satisfy this execution and all fees." The amendments in the other certificates were similar to the one quoted.

The case was withdrawn from the jury to be submitted to the full Court, for decision upon the law and facts legally proved, with jury powers, the damages to be determined by an auditor, unless agreed upon by the parties.

*Howard & Strout,* for the plaintiffs.

1. The machinery in the mill, fitted and attached as it was at the time of the levy, was a part of the realty. *Parsons* v. *Copeland,* 38 Maine, 537; *Farrar* v. *Stackpole,* 6 Maine, 154; *Winslow* v. *Merchants' Ins. Co.,* 4 Met., 314; *Butler* v. *Page,* 7 Met., 42; *Richardson* v. *Copeland,* 6 Gray, 536.

The plaintiffs hold of Harris precisely as if he had conveyed to them by deed containing the same description used in the levy. *Gorham* v. *Blazo,* 2 Maine, 235. If a deed had conveyed to them the mill and privilege, with the machinery therein, no doubt the machinery would have passed as part of the realty. *Winslow* v. *Mer. Ins. Co.,* 4 Met., 314. The plaintiffs are statute purchasers. Harris was present, and did not object to the machinery being treated as real estate. He could have redeemed if he chose. All the equities are against him.

2. The officer's proceedings were correct, but his return was defective. The defects were amendable. Having been amended, by leave of Court, the amended returns relate back to the levy. *Fairfield* v. *Paine,* 23 Maine, 498; *Whittier* v. *Vaughan,* 27 Maine, 301. As between these parties, the amended returns are as effectual as if they had been original returns.

3. As it appears that Blake's levy is bad, Harris is tenant in common with the plaintiffs of three-fifteenths. A tenant in common cannot maintain trespass against his co-tenants in ordinary cases. But he can do so where his co-tenant has *destroyed* the property. *Maddox* v. *Goddard*, 15 Maine, 219 ; *Blanchard* v. *Baker*, 8 Maine, 270. In this case, the defendants have destroyed the sash and blind factory, by separating and carrying away the machinery. The factory in New Gloucester has ceased to exist by the act of the defendants. The plaintiffs are entitled to recover in this action the proportion of damage which their interest in the premises bears to the whole property.

*E. & F. Fox*, for the defendants.

1. Blake's levy was fatally defective, and nothing passed by it. If the plaintiffs' levies were valid, Harris was tenant in common with them when the alleged trespass was committed. One tenant in common cannot maintain trespass against another, unless the latter *destroys* the property. Here nothing has been destroyed. The machinery has only been removed to another mill, a very common proceeding. Such a removal does not authorize an action at law by one co-tenant against another. 38 Eng. Law and Equity, 304.

2. The plaintiffs having joined in this action, if the title of either is defective, the action must fail.

3. The levies were made in Dec., 1858, and the alleged trespass committed in Nov., 1859. The returns of the levies were greatly defective, and there is no proof that the amended returns were made or authorized before the removal of the machinery. If not, the defendants were not trespassers.

Instead of amendments, the officer has made and recorded new returns, which was not authorized by the Court. Whatever was done could have no effect until recorded. The amended returns were not recorded until long after the alleged trespass.

4. The machinery was not a part of the real estate to

pass by levy. It is not such machinery as is built and designed for a particular mill. Harris never intended to make it part of the realty. Such property is constantly changing in value,. and no person supposes that by placing it in a mill he makes it real estate. Machinery spiked to the floor, has been held to be no part of the realty. *Fullam* v. *Stearns*, 30 Verm., 443.

The opinion of the Court was drawn up by

RICE, J.— Trespass *quare clausum*. The estate was originally the sole property of Thomas Harris. On this estate, which consisted of a mill privilege, and a mill called the "sash and blind factory," with the machinery therein, the plaintiff and also one George Blake, on the 16th Dec., 1858, had caused executions, which they severally held against said Harris, to be levied. On these executions certain undivided portions of the estate were assigned to each of said execution creditors. It is admitted that the levy of Blake was invalid, thus leaving that portion of the estate seized by him, on his execution, still in Harris. Assuming the levies of the plaintiffs to be valid, Harris would be a tenant in common with them in the estate.

It is, however, objected that the levies of the plaintiffs are invalid, *first*, for the reason that the original return of the officer is insufficient in law to bar the estate. There was, undoubtedly, an informality in the original return of the officer. These defects, however, were cured by the amendments which have been duly and properly allowed by the Court, and which are binding upon the parties to this suit. *Whittier* v. *Vaughan*, 27 Maine, 301.

Further, it is objected that these levies, or a portion of them, are fatally defective in this, that the appraisers, in their certificates, which were made part of the officer's return, appraised the entire estate at a given sum, ($1050,) but did not appraise the undivided portion thereof, which was taken to satisfy such execution, at the same rate at which they had appraised the whole estate. Or, in other

words, that the sum at which the several parts were apprais-ed is not equal to the appraisal of the whole.

By § 9, c. 76, R. S., where the premises consists of a mill, mill privilege, or other estate, more than sufficient to satisfy the execution, which cannot be divided by metes and bounds without damage to the whole, an undivided part of it may be *taken*, and the whole *described*.

By § 2, of the same chapter, the appraisers are to be sworn faithfully and impartially to appraise the real estate *to be taken*, &c.

Now, while the statute, in such case, requires the whole estate to be described, it does not require it to be appraised, nor are the appraisers sworn to appraise the whole. They are, however, sworn to appraise the part *taken* to satisfy the execution. The appraisal of the whole estate was, there-fore, unnecessary and irrelevant, and must be treated as sur-plusage. *Winsor* v. *Clark*, 39 Maine, 428.

It is also contended that, if the parties are tenants in com-mon, this action cannot be maintained, because the defend-ants' possession, in such case, must be deemed to be the possession of all the co-tenants, and in subordination to their title. Such, undoubtedly, is the general rule of law. But, to this general rule, there are exceptions, as where one tenant in common destroys the common property, or so con-ducts with reference to it as to effect a practical destruction of the interest of his co-tenants therein.

There is a manifest distinction between the cases in which one tenant in common appropriates the proceeds, such as the rents, profits, or income of the estate, and where he practically destroys the estate itself or some portion thereof. In the latter class of cases trespass may be maintained by the injured co-tenant, in the former it cannot.

Thus, it was held in *Blanchard* v. *Baker*, 8 Maine, 253, that the diversion of the water in a stream from a mill own-ed in common and entitled to the natural flow of the stream, and the appropriation of such water to the sole use of a mill owned by a part of the co-tenants, was such a destruc-

tion of the common property as would support an action of trespass on the part of the co-tenants who were injured thereby.

So too, in the case of *McDonald* v. *Trafton*, 15 Maine, 225, it was decided that the demolition of the mill by one co-tenant, and the appropriation of the materials of which it was constructed to his sole use, would support an action of trespass therefor, by the injured co-tenant.

In the case at bar, it is denied that the property taken was real estate, or, if so, that it has been so converted by the defendants as to constitute a practical destruction thereof.

The property taken was machinery used in the "sash and blind factory," and evidently necessary to its operation as a factory. Without this machinery, then, the mill would cease to be a factory. This machinery was attached to the mill by spikes, nails, bolts and screws, and was operated by belts running from the permanent horizontal shafting in the mill, which shafting was driven by a water wheel under the mill, and connected with the main shafting by suitable gearing, &c.

Such machinery, thus situated and connected, constitutes fixtures and becomes a part of the mill or factory, and its unauthorized disseverance and removal, and the subsequent incorporation thereof into another mill, the sole property of the defendants, is, in our opinion, a practical destruction of the common property, within the letter and spirit of the case above cited. The action is therefore maintained.

*Defendants defaulted, damages to be determined as per agreement.*