MEINCKE vs. FALK, Administrator, etc.

*November 26 — December 16, 1884.*

*Contract to build carriage like model: Substantial compliance.*

M. agreed to build for F. a carriage just like a model selected by the latter. *Held,* that a substantial compliance with the contract only was necessary, and M. could recover the agreed price if the carriage when built was as good in all respects as the model, and conformed to it in size, style, and appearance, although it differed therefrom in unimportant particulars.

APPEAL from the Circuit Court for *Milwaukee* County.

The cause was before this court on a former appeal and is reported in 55 Wis. 427. The facts appearing upon the second trial are sufficiently stated in the opinion. The plaintiff appealed from a judgment in favor of the defendant.

*John A. Wall,* for the appellant.

For the respondent there was a brief signed by *Cotzhausen, Sylvester & Scheiber,* attorneys, and *Fred. Scheiber,* counsel, and the cause was argued orally by *Mr. Cotzhausen.*

COLE, C. J. The learned circuit court in this case directed a verdict for the defendant, because it appeared from the testimony that the carriage made and tendered for the defendant's intestate was not just like the Ball carriage, which was the model selected. The plaintiff testified that the order was for *a carriage just like the Ball carriage.* He

said there were some differences between the carriage in question and the Ball carriage, which he deemed improvements, though the body, style, size, and general appearance of the two carriages were alike. But the circuit court ruled, in effect, that the plaintiff was bound to furnish a carriage just like the Ball carriage, and if it was not so the defendant was not obliged to receive it; that in order to recover the plaintiff must show that he fulfilled his contract; that a family carriage was an article of luxury, which was governed by peculiar rules, and that a substantial compliance with the contract was not sufficient.

We think the court erred in not submitting the case to the jury upon the evidence given on the trial. Doubtless, the plaintiff was bound to show that the carriage tendered was as good in every respect as the model; that in style, size, general appearance, etc., it was like it. Or, to state the proposition in the usual form, the plaintiff could not recover unless he showed a full and substantial compliance with the contract on his part. It was essential that the carriage tendered should be as good in all respects as the model, and conform in size, style, and appearance to it. This, we think, was what the parties understood by the contract; nothing more. To say that the parties intended that the two carriages should be precisely alike in every unimportant particular, that there should not be the least difference between them in any part, however slight, would be placing upon the language used a forced and unreasonable construction. It is impossible for any mechanic to make even two spokes precisely alike, so that a glass, or possibly the naked eye, cannot detect some slight difference between them.

One of the witnesses, on the part of the defendant, who was a carriage-maker, testified, in substance, that if he should receive an order to make a carriage just like another, he should feel bound to build one as good in every respect as the model, and as much better as he could, of the same

general style, appearance, and dimensions; but, in the absence of any such testimony as to how a carriage-maker would understand the order, we think men ordinarily would attach such a meaning to the language, and understand that the carriage tendered should fully and substantially conform to the model in all essential particulars as above indicated. That there was testimony of performance of the contract as thus construed sufficient to carry the case to the jury on this point is clear.

Besides, it must be borne in mind that the defendant did not refuse to accept the carriage because it was not such as was ordered; but the refusal to accept was placed upon the distinct ground that no legal contract had ever been made to purchase the carriage. The case was litigated upon this ground alone, as the elaborate opinion of Mr. Justice Cassoday on the former appeal shows. See 55 Wis. 427. Now the defendant seeks to change his position and justify the refusal to accept on the ground that the carriage tendered was not such as was ordered; that it did not comply with the contract. This objection, at this late day, comes with bad grace, and is hardly consistent with the rules of good faith and honest dealing. The defendant should have said, when the carriage was finished and he was called upon to take it, that it was not such a carriage as he had contracted for — that it was not like the Ball carriage, and objected to receiving it on that ground. But this he did not do. The refusal to accept was placed upon the ground that he never bought the carriage and did not want it. This furnishes an additional reason for submitting the case to the jury upon the evidence given on the trial.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.