JOHN CRAIG v. HENRY E. WEITNER.

[FILED NOVEMBER 25, 1891.]

Contract: WORK AND LABOR: PERFORMANCE. In an action upon a contract to exterminate the prairie dogs upon a certain tract of land, *held*, that there had been a substantial compliance with the terms of the contract and that the plaintiff was entitled to recover.

ERROR to the district court for Colfax county. Tried below before POST, J.

*Phelps & Sabin*, for plaintiff in error.

*Geo. H. Thomas, contra.*

MAXWELL, J.

The defendant in error brought an action in the district court of Colfax county against the plaintiff in error upon a cause of action set forth in the petition as follows :

" That on or about the 27th day of April, 1887, the plaintiff and the defendant entered into an oral agreement and contract, whereby it was contracted and agreed by and between said plaintiff and defendant that said plaintiff should undertake the task and work of killing, exterminating, destroying, and banishing from a certain tract of land in Colfax precinct, Colfax county, Nebraska, owned by defendant, a certain lot of prairie dogs which then infested said land, and destroy and break up the so-called " dog town " then being on said land, and the said defendant, in consideration of the performance of said labor aforesaid, agreed to pay to said plaintiff the sum of $125.

" Second—Soon after the making of said agreement, to-wit, on or about May 1, 1887, said plaintiff entered upon the performance of said contract on his part, and so continued the work until he had killed, exterminated, destroyed, and banished said prairie dogs from said land and broke up and destroyed said dog town, and said plaintiff had fully and entirely kept and performed all the conditions of said contract on his part to be kept and performed prior to June 1, 1888, and before the commencement of this action.

" Third—At or about the time of the commencement of said work by plaintiff, to-wit, on or about May 1, 1887, the said defendant paid to said plaintiff on the said contract the sum of $25, and thereafter, to-wit, on or about the —— day of ——, 188—, said defendant paid to said

plaintiff on said contract the further sum of $50, but said defendant, though often requested so to do, has wholly failed, neglected, and refused to pay to said plaintiff the balance due to him on said contract, the sum of $50, and there now remains due and unpaid on said contract from said defendant to said plaintiff the sum of $50, with interest thereon from the 1st day of June, 1888.

"Wherefore plaintiff demands judgment against the defendant for the sum of $50, with interest thereon from June 1, 1888, and costs of suit."

To this petition the defendant below answered as follows:

"And now comes the defendant, and for answer to the petition of the plaintiff filed in the above entitled cause, denies that the plaintiff has fully kept and performed all the conditions in said contract on his part to be kept and performed.

"The defendant denies that the plaintiff has ever killed, exterminated, destroyed, and banished said prairie dogs from the land of defendant and broke up and destroyed said 'dog town,' but the defendant alleges that the plaintiff has entirely and wholly failed and neglected to kill and exterminate said prairie dogs and destroy said 'dog town,' and to keep and perform his part of said contract, and has not earned the consideration therein for said contract from this defendant, and defendant denies that he is indebted to plaintiff in any sum whatever."

On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $50, upon which judgment was rendered.

The case is submitted on the question of the sufficiency of the evidence to sustain the verdict.

The testimony on the part of the defendant in error tends to show that there were many prairie dogs on the lands of the plaintiff in error, estimated at 7,000 when he took the contract to exterminate them. All the testi-

mony tends to show that he has substantially performed his contract. It is unnecessary to review the evidence at length. The verdict and judgment are right and are

AFFIRMED.

THE other judges concur.