[No. 1809. Decided July 13, 1895.]

THE WASHINGTON BRIDGE COMPANY, *by Warren A.
Worden, Receiver, Respondent*, v. THE LAND AND
RIVER IMPROVEMENT COMPANY OF EVERETT *et al.,
Appellants.*

BRIDGE CONTRACT — CERTIFICATE OF ENGINEER — PERFORMANCE —
WAIVER OF CONDITIONS — MECHANIC'S LIEN.

A superintendent's certificate entitling a contractor to final pay-
ment, as provided by the terms of a contract to be furnished upon the
final completion of a work, cannot be rightfully withheld after the
work has been substantially completed, even though the contract
may not have been complied with in every detail, if, at the time the
work is so substantially completed, it is not reasonable under all the
circumstances to require a further compliance; and, in such case,
recovery of the contract price, less the amount required to complete
the work, may be had in the absence of the certificate.

Although a waiver of the conditions of a contract may not have
been pleaded, still a court of equity is entitled to consider proofs of
such waiver which have been admitted in evidence without objec-
tion.

Where it appears from the evidence that, under a contract for
the construction of a bridge, a superintendent was to be paid by de-
fendant a reasonable compensation during the delay in the comple-
tion of the structure, which was to be repaid by plaintiff out of the
contract price, a finding by the court that the superintendent should
be allowed the sum of $800, will not be disturbed, although defend-
ant may have actually paid him the sum of $2,200.

Where labor and material have been put upon a structure by the
contractor subsequent to the furnishing of a certificate of final com-

pletion of the work, the time within which a claim of lien should be filed will begin to run from the date of performing such labor and furnishing such material, and not from the date of the final certificate.

*Appeal from Superior Court, Snohomish County.*

*Black & Edwards,* for appellants.
*Stiles, Stevens & Tillinghast,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—Respondent brought an action against the appellants and other defendants to recover the price agreed to be paid for the construction of a certain bridge, and to foreclose a lien thereon to secure the payment of the judgment. After hearing, judgment and decree was made and entered substantially as prayed for in the complaint; from which the defendants, the Land and River Improvement Company of Everett, and the Mitchell Land and Improvement Company, have sought to appeal.

Upon the hearing in this court the appeal was dismissed as to the Mitchell Land and Improvement Company, so that the only questions to be decided are those arising between the plaintiff and the Land and River Improvement Company. Upon the part of that corporation it is claimed that the decree should be reversed for the reason that the written contract under which the bridge was built provided: (1) That the last payment should not be made until the superintendent had furnished a certificate that the work had been completed in accordance with the terms of the contract; and (2) that proof should be furnished that all claims for labor and material had been paid; and that no such certificate had been furnished or proofs made. Upon these questions it is contended by the

18 — 12 WASH.

respondent that as to proofs that all claims for material and labor had been paid, the circumstances under which the bridge was erected were such that no claims could be asserted against the structure, and that the defendants had knowledge of that fact, and for that reason waived the making of any such proofs; and as to the certificate of the superintendent, that one was furnished, and that, if there was not, it was waived.

The question of the most importance, and that upon which the greatest stress was placed at the hearing, was in relation to the superintendent's certificate. That which was relied upon by the respondent as a certificate was a letter written by the superintendent to the president of the appellant in substantially the following form:

"In response to your letter from the Washington Bridge Company, of Tacoma, notifying me that they had completed the Everett Avenue Bridge, I have this day inspected the same with a view to acceptance. The planking on the piers still remains to be finished, but this cannot be done until the river is very much lower than it is at present. This work should have been done in August of last year, as the river at that time was very low, but although I wrote to them several times on the subject they failed to do the work until it was too late. With this exception, I am willing to accept the bridge as it stands. I should advise you to hold back about three hundred dollars to insure the completion of the planking at such time as the state of water will admit of the work being properly done."

The appellant insists that this letter was in no sense a certificate; that if it was a certificate at all, it was to the effect that the work had not been completed, rather than one that it had. If the letter had to be construed alone, without any aid from surrounding circumstances, it might be difficult to determine therefrom

what was intended. But it was made clearly to appear from the proofs that for some time before this letter was written the respondent had been claiming that the bridge was entirely completed, and had been pressing the appellant for payment of the balance due; that during various conversations between the officers of the respondent and of the appellant, there had been claims and admissions tending to show that it was understood that the bridge was substantially completed; and this letter must be construed in connection with the circumstances connected with the subject matter thus made to appear, and, so construed, we think it fairly warrants the contention on the part of the respondent that it was intended by the superintendent as a certificate that he had passed upon and accepted all of the work except the planking of the piers, and that as to that he intended to certify that it could not be done at that time on account of the stage of the water; and further that it was his intention by this certificate to entitle the respondent to full payment, excepting that enough should be kept back to insure the completion of the work so soon as it could be done; that it was not contemplated that payment should be delayed until a further and additional certificate should be furnished. But the appellant claims that if this letter be so construed, it shows that the contract was entirely completed on July 12th, the date of the letter, and that for that reason the lien which was not filed until October could not be given force.

But in our opinion the certificate, if treated as one of final completion, did not prevent the respondent from doing the work which the certificate did not cover, and this work when done was as much a part of the contract as though no certificate had ever been

furnished; and as the proof shows that work was done upon the planking as to which the reservation was made in the certificate, on the 29th of September, the lien was filed in time.

We think the respondent was entitled to recover, under this certificate and the other proofs introduced at the trial, upon another ground. It appeared therefrom that the work under the contract had been substantially completed, and while it is true that the certificate might rightfully have been refused until the work was entirely done, if an exact and full compliance with the contract could then reasonably be required, it could not be so refused if the work had been completed in substantial compliance with the contract, and what remained could not then be reasonably required to be done.

All of the cases hold that a certificate cannot be rightfully withheld after the work has been substantially completed, even though the contract may not have been complied with in every detail, if, at the time the work is so substantially completed, it is not reasonable under all the circumstances to require a further compliance. In our opinion the circumstances surrounding this transaction bring this case directly within the rule thus recognized. That the work had been substantially completed was fully established by the proofs, from which it appeared that not more than thirty dollars would be required to fully complete the work; and when a structure which has cost $16,000 or more is so far completed that an expenditure of $30 will finish it, it is certainly substantially completed. And as it appeared that it was impossible that this small amount of work could be done at that time; it was not reasonable for the super-

intendent to withhold his certificate until some indefinite time in the future when it might be possible to complete the work. Under the circumstances we hold that the contract had been substantially completed and that its further completion could not reasonably have been required. This being so, the appellant could not rightfully refuse to pay the balance of the contract price which had been earned, because of the absence of the certificate provided for in the contract.

There was a further ground upon which the respondent was entitled to recover. The conditions of the contract as to the certificate, as well as those as to the proof of the payment of claims, had been waived by the appellant. The appellant contends that the pleadings were such that the respondent could not make available any waiver of the conditions of the contract. The complaint may not have authorized the introduction of any proof of such waiver, but enough evidence of that kind was introduced without objection on the part of the appellant to authorize a finding by the court of the fact of such waiver; and this being so, the fact that other testimony tending to show such waiver was objected to, or the fact that the waiver was not pleaded, could not prevent a court of equity from giving force to the proofs which had been introduced without objection. Upon one or all of these grounds the trial court rightfully held that the contract price, less the amount required to complete the work, could be recovered and that its payment could be enforced by a lien upon the bridge.

It is claimed, however, that the recovery was excessive, for the reason that the court allowed only the sum of $800 as compensation for the superintendent, growing out of the delay in the completion of the

structure, when the proof showed that the amount actually paid to him by the appellant was some $2,200. Upon this question the proofs warranted a finding on the part of the trial court that only a reasonable compensation paid the superintendent by the appellant was to be repaid by the respondent, and for that reason we are not disposed to disturb the finding that the respondent was only liable on that account to the amount of $800.

That written contracts should be given force according to their terms, and that a waiver of any of such terms should only be held to have been established when clear and convincing proof to that end has been introduced is undoubtedly the rule, and to it we yield the fullest adherence; but where the circumstances tending to show such waiver are evidenced by written instruments, the danger growing out of the admission of such proof is much lessened. In the case at bar the written evidence, if considered alone, would satisfy us that it was the intention of the appellant not to hold the respondent strictly to the conditions of the contract, and such written proofs were supplemented by oral testimony which could leave little doubt as to the facts.

From what we can gather from the record, the cause was fairly tried and the court arrived at the proper conclusion, and its judgment and decree will be affirmed.

ANDERS, SCOTT, GORDON and DUNBAR, JJ., concur.