AMERICAN HOIST & DERRICK CO. *v.* JOHNSON.

SALE—ORDER FROM CATALOGUE—SUBSTANTIAL COMPLIANCE—QUESTION FOR JURY.

> In an action for the purchase price of an engine shipped to defendant's order, the jury may properly find the defendant justified in refusing to accept the engine tendered, where it appears that the truck upon which it was mounted differed from that illustrated in the catalogue from which the order was given in the size of the wheels and in the manner of the attachment of the engine, and that the variance rendered the engine less valuable to defendant than if it had conformed to the order.

Error to Houghton; Hubbell, J. Submitted April 16, 1897. Decided September 14, 1897.

*Assumpsit* by the American Hoist & Derrick Company against Andrew Johnson for goods bargained and sold. From a judgment for defendant, plaintiff brings error. Affirmed.

*Dunstan & Hanchette*, for appellant.

*A. R. Gray*, for appellee.

MOORE, J. The plaintiff is a manufacturer of machinery. In the spring of 1895 it sent an illustrated catalogue to the defendant. April 11, 1895, the defendant, with cut No. 298 and cut No. 277 before him, sent an order to the plaintiff for one seven-horse-power engine, cut 298, and directed plaintiff to put wheels of cut 277 on this engine. Cut 298 shows the engine attached to a circular saw. April 13, 1895, plaintiff replied to this communication, saying, "We acknowledge your valued order for one of our No. 58 hoisting engines with countershaft attachments as per cut No. 298, the same to be mounted on wheels as per cut 277;" stating that the same would

be shipped in a very few days, at a cost of $672. April 16, 1895, defendant acknowledged the receipt of the letter of April 13th, and said:

"Am surprised at the price you put on your engines, $672. I can get one made right here for one-half that amount, and according to your catalogue I do not make the engine cost any such amount. What I want is a six-horse-power engine, to be used for sawing wood, which would be worth somewhere about $150 to $200. Please cancel the order given, and, if you can furnish engine at price I mention, let me know, and give description."

April 19th, plaintiff wrote defendant, acknowledging the receipt of the letter of April 16th, and replied that it was unable to countermand order, as the machinery was shipped the day before. The record discloses that the machinery was shipped the 18th of April, from St. Paul, Minn., to defendant at Hancock, Mich., and that prior to the shipment it was put together and photographed. Copies of this photograph and of cuts 298 and 277 are part of the record. The defendant saw the machinery the last of April at the railroad station. The record does not disclose when the defendant first examined it. It does disclose that on May 23d he wrote plaintiff:

"I am informed by the railroad company here that the engine which we corresponded about is here, and I have been down to see it, and find it of no use whatever to me, as what I want is an engine for sawing wood, while this one is a hoisting engine. Now, I looked at your catalogue, and beneath cuts 277 and 298—

|  |  |  |  |  |
|---|---|---|---|---|
| 7 or 10 H. P. engine | | | | $150 |
| 16 | " | " | " | 170 |
| 20 | " | " | " | 185 |

—and ordered an engine for sawing wood at these prices; but your letter in reply said it would cost $672 for such an engine, and I immediately wrote you not to ship, as I would not pay any such price,—could get one here for half that; but you have shipped regardless of my instructions. The engine is at the railroad warehouse, subject to your order."

The plaintiff sued the defendant to recover for the value of the machinery. The case was tried before a jury, who rendered a verdict in favor of defendant. Plaintiff appeals.

It is the claim of the defendant that the machinery shipped was not the machinery ordered, and therefore that the plaintiff is not entitled to recover. It is the claim of the plaintiff that the machinery shipped is the same as that ordered, and it introduced testimony tending to show that the machinery shipped was substantially the same as the machinery ordered. Defendant gave testimony that the purpose for which he wanted the machinery was to use as a portable engine, which he could move about in the vicinity of Hancock, for the purpose of sawing wood; that the country about Hancock is hilly; and that the machinery shipped did not comply substantially with the machinery ordered. The testimony of the witnesses for the defendant, which is supplemented by the illustrations of the machinery, tends to show that the order was for an engine mounted on a truck with wheels each having 12 spokes, while those sent have but 8 spokes. Cut No. 277 shows the front wheels to be much smaller than the rear wheels. In the machinery sent, the wheels were all as large as the rear wheels in cut 277. The engine sent was mounted much higher than the one illustrated by cut 277, and the attachment of the boiler to the truck was decidedly different from that shown in the cut. The testimony on the part of the defendant tended to show that the high truck was much more liable to tip over, and not so easily handled as the low truck, and that the machinery could not be operated from the high truck as well as from the low truck. The tires of the wheels sent were but two inches wide, while according to the cut they should have been wider.

Some complaint is made by the plaintiff in relation to the admission of testimony, but we do not think any error was committed in that respect.

The plaintiff requested the court to charge the jury as follows:

"*First.* If the defendant examined the property in question immediately on its arrival at Hancock, and made no complaint within a reasonable time to the plaintiff that it was not the same as ordered, such silence on his part is for your consideration as to whether or not he was satisfied that the wheels were substantially the same as ordered.

"*Second.* If the defendant had any objection to the wheels, it was his duty to so state in his first communication to the plaintiff, and within a reasonable time, and if he did not do so you are at liberty to infer that he considered the wheels substantially the same as those he ordered, and that he was satisfied with them."

The court declined to give these requests, and charged the jury as follows:

"It is the law, and of course it commends itself to one's common sense, that, where an intending buyer orders an article from one who keeps for sale or makes articles of the kind, he is entitled to get what he orders; and this is true to the extent that the article furnished must be, in every substantial and important sense, the same as the article ordered. If it is not so, the plaintiff has not done what the defendant asked him to do, and agreed to pay him for doing, and therefore the defendant cannot be called upon to pay for something that he did not want or request. Now, it is contended on the one side, and denied on the other, that portions of this machinery were substantially unlike, and different from, and perhaps inferior to, the articles which were ordered.   *   *   *   It is your exclusive function to determine the facts as to whether or not the goods delivered were substantially like those ordered. If you find from the weight of evidence that they were not substantially alike, preventing the defendant from getting what he had really ordered, your verdict will be for the defendant. If, on the contrary, you find that the goods furnished are substantially what were ordered,—that the differences, if there are differences, are trifling and unimportant, not going to the substance and usefulness of the thing,—in that case your verdict will be for the plaintiff for the full amount of the purchase price, which is not in dispute, and interest.   *   *   *

In sales of goods for future delivery, by name or description, substantially the exact article sold or ordered must be delivered, and the seller acquires no right against the buyer until he has made such delivery, and, where a substantially different thing from that which was ordered is attempted to be delivered, the buyer may refuse to accept it. If you find from the evidence in the case that the defendant ordered of the plaintiff the machinery to be used together, and that any portion of the machinery furnished and delivered by the plaintiff was not substantially such as ordered, was substantially different from what was ordered, and that the defendant has not accepted or received the machinery actually furnished by the plaintiff, then the plaintiff would not be entitled to recover, and in such case your verdict would be for the defendant."

It is very likely that defendant, through a failure to read another page of the catalogue besides the ones upon which were the cuts, thought he was going to get an outfit much cheaper than the price which was actually asked for the machinery by the plaintiff, and for that reason sought to cancel his order. The plaintiff had gone so far that it was not willing to have the order canceled, and it had an undoubted right to hold the defendant to his order, if it performed on its part. The defendant, doubtless, did not want this machinery at the price, when he learned just what it cost, and he had the same right to avail himself of any failure on the part of the plaintiff to perform its contract that it had to hold him to the terms of the contract. It is the claim of the plaintiff that the proofs disclose that plaintiff had substantially complied with the contract, and that it was entitled to recover; citing *Meincke* v. *Falk*, 61 Wis. 623 (50 Am. Rep. 157), and other cases. The proof was contradictory as to whether the plaintiff had substantially complied with the contract. It was a proper question for the jury. In the case of *Meincke* v. *Falk*, *supra*, the court said, after discussing some features of that case:

"Or, to state the proposition in the usual form, the plaintiff could not recover unless he showed a full and substantial compliance with the contract on his part. It

was essential that the carriage tendered should be as good in all respects as the model, and conform in size, style, and appearance to it.   This, we think, was what the parties understood by the contract; nothing more."

The other cases state substantially the same doctrine, and we think fully justify the language of the learned trial judge; and when a comparison is made between the photograph of the machine sent, made after it was set up and before it was shipped, and cuts 277 and 298, the verdict of the jury is not surprising.

As to the refusal to give the requests of the plaintiff: The record does not disclose that defendant examined the property immediately on its arrival at Hancock.   Even at the time of the trial he had not seen the machinery set up, nor had he seen a picture of how it appeared.   The record does disclose that, when notified by the station agent that the property was at the station, he communicated to plaintiff that it was not adapted to his needs. He had never taken the property into his possession.   His order was an entirety.   He had no thought of taking one part of the machinery without all of the machinery he ordered.   One part of it was as essential to him as the other.   If he could not move the machinery about the country without danger of its tipping over, it was of no value to him for the purpose for which he ordered it. After the machinery had arrived, he declined to take it. Before he could be compelled to do so it must be shown that it was substantially the machinery ordered.   If the sale is of a described article, the tender of an article answering the description is a condition precedent to the purchaser's liability.   2 Benj. Sales, §§ 918, 966; 10 Am. & Eng. Enc. Law, 101.

We do not discover any error in the record.

The judgment is affirmed.

The other Justices concurred.