[No. 6744.  Decided December 18, 1907.]

T. HATCH, *Respondent*, v. EDWARD HALL et al., *Appellants*.[1]

SALES — CONTRACT — BREACH — SUBSTANTIAL PERFORMANCE. An agreement by the vendor of a threshing machine that the same might be paid for by threshing all his grain until payment was completed is substantially performed, where the vendor, after threshing 15,000 bushels of his own grain, upon demand for a credit to that extent, offered to obtain for the vendees the threshing of 15,000 bushels of the same quality upon an adjoining farm, in lieu of his own, as a payment on the machine, where it is not shown that any special privilege would be derived from the threshing of his own, or that the vendees could have obtained the threshing on the adjoining. farm but for such arrangement.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered January 30, 1907, upon findings in favor of the plaintiff, after a trial upon an agreed statement of facts, in an action to foreclose a chattel mortgage. Affirmed.

*Merritt, Hibschman, Oswald & Merritt*, for appellants.

*W. E. Southard* and *Neal, Sessions & Myers*, for respond-. ent.

HADLEY, C. J.—This is an action to recover judgment for an alleged balance due upon the sale of a certain threshing machine, and to foreclose a chattel mortgage which was given as security for the debt. The complaint demands judgment and foreclosure for $916.86, but the defendants deny that any sum is owing. The parties stipulated in writing as to the facts, and agreed that the court might make its conclusions of law and judgment from such stipulated facts. The facts are as follows: During the summer of 1904, the defendants purchased of the plaintiff a threshing outfit for the sum of $1,500. On the 22d day of October, 1904, there was still due to plaintiff upon said purchase price a balance of $1,100;

[1]Reported in 92 Pac. 936.

and on said date the parties entered into an agreement in writing as follows:

"Wilbur, Washington, 10-22, 1904.

"It is agreed between T. Hatch and the Hall Bros. that they, the Hall Bros., do all of the threshing for Mr. Hatch till the threshing machine is paid for, he, Mr. Hatch, giving them three weeks' notice, they reserving the right to pay in cash if they so wish, in place of doing the threshing for the payment of the machine."

On the date of the above contract, for the purpose of securing the balance due for the machine, the defendants executed to the plaintiff a chattel mortgage upon a twenty horsepower compound traction engine, water tank, cook house, and other chattels. After said date and during the year 1904, the defendants with said threshing outfit threshed for the plaintiff six thousand three hundred and four bushels of wheat and seven hundred bushels of oats, at the agreed price of six cents a bushel, and the defendants thereby became entitled to a credit of $420.24. In the year 1905 the plaintiff was the owner of many acres of wheat and oats which yielded, when threshed, about twenty thousand bushels. During that year plaintiff purchased a combined harvester, a machine which in one operation cuts and threshes grain. When the grain aforesaid became ripe, the plaintiff, by the use of his said combined machine, harvested and threshed a sufficient amount to yield fifteen thousand bushels, and before doing so he did not give the defendants any notice that he desired them to do any threshing during the year 1905. After he had harvested and threshed the amount aforesaid, the plaintiff notified the defendants that he desired them to thresh the remainder of the grain of which he was then owner, to wit, five thousand bushels. The defendants refused to do so unless the plaintiff would give them credit for the threshing price of the amount of grain which plaintiff had threshed with his combined machine. Plaintiff declined to do this, but thereupon offered to furnish the defendants the same amount of grain to thresh,

in the same locality and of the same quality as that which he had threshed with his own machine. The plaintiff made arrangements with the owner of the land adjoining his own to have the defendants thresh the grain on the said land, by which the plaintiff was to give the defendants credit for said threshing under the contract aforesaid, and make settlement therefor with the owner of the grain on said adjoining farm. The plaintiff at the same time gave the defendants notice that three weeks thereafter he desired that they should thresh the remainder of the grain which he then owned, and he gave them the privilege, if they so desired, to thresh fifteen thousand bushels on the said adjoining farm, or enough thereof so that, with plaintiff's five thousand bushels, the same would fully pay defendants' indebtedness to plaintiff, and they should receive credit therefor the same as if the grain had been owned by the plaintiff.

Defendants thereupon refused to thresh any grain whatever for the plaintiff, and notified him that they repudiated the contract and regarded the same as abandoned and at an end, by reason of the fact that the plaintiff had not given them an opportunity to thresh all of his grain during the said season of 1905. The plaintiff has not since offered the defendants any grain to thresh. The defendants have not since offered to thresh any for the plaintiff, and the defendants have not paid anything further upon the balance of said indebtedness. From the above stated facts the court concluded that plaintiff is entitled to recover judgment against the defendants for the balance of the purchase price of the threshing outfit, and that he is also entitled to have foreclosure of the chattel mortgage. Judgment was entered accordingly, and the defendants have appealed.

It is assigned as error that the court entered judgment against appellants in any sum whatsoever. It is contended that, when respondent threshed fifteen thousand bushels of his own crop without giving appellants an opportunity to

thresh the same, he thereby placed it beyond his power to comply with the contract, and became guilty of the first breach whereby the appellants are excused from further performance. While there may have been a technical breach on the part of respondent, yet it was proper for the court to find whether there had been a substantial offer to perform by respondent in accordance with the essence and spirit of the contract. We think there was, when we look to the object which the parties had in view when they made their contract. That object was the privilege of appellants to pay their debt by threshing grain instead of by payment in cash. It is true, the contract specified the grain of respondent as that which they might thresh, but it is not shown by the facts that there was any special advantage to appellants in the privilege of threshing respondent's grain over that of threshing the grain of others. Indeed, the stipulated facts may be said to expressly negative such idea, inasmuch as respondent offered the same quantity of grain, of the same quality, and upon an adjoining farm. It is not shown that appellants would have had the privilege in any event of threshing the grain upon the adjoining farm if respondent had not so arranged it. The facts therefore show that respondent offered appellants the full equivalent of the exact thing named in the contract. This was such a substantial compliance as did not excuse appellants from performing. *Washington Bridge Co. v. Land & River Imp. Co.*, 12 Wash. 272, 40 Pac. 982; *Hovey v. Pitche*, 13 Mo. 191; *Craig v. Weitner*, 33 Ncb. 484, 50 N. W. 442; *Meincke v. Falk*, 61 Wis. 623, 21 N. W. 785, 50 Am. Rep. 157; *Novelty Iron Works v. Capital City Oatmeal Co.*, 88 Iowa 524, 58 N. W. 518; *Blitz v. Toovey*, 9 N. Y. Supp. 439; 7 Am. & Eng. Ency. Law (2d ed.), 145.

The exact thing named in the contract may not have been done, but the essence of the thing named, and about which the parties contracted, was done, and appellants reaped therefrom the real opportunity which the contract was intended to secure. When respondent thus tendered substantial perform-

ance, appellants were not excused from performance. They owe a *bona fide* indebtedness for value which they have received, and they should not escape payment by reason of a mere technical breach by respondent from which it does not appear that appellants have suffered any actual damage or even inconvenience. When they wholly refused to perform in kind, as provided by the contract or otherwise, respondent became entitled to maintain this action for the recovery of the balance in money and for the foreclosure of the mortgage.

The judgment is affirmed.

FULLERTON, RUDKIN, MOUNT, CROW, and DUNBAR, JJ., concur.