ANDREW D. RICKETTS ET AL. V. JOHN A. BUCKSTAFF ET AL.

FILED MAY 21, 1902.   No. 11,854.

Commissioner's opinion, Department No. 3.

1. **Written Contract:** CONSTRUCTION: REJECTION OF CERTAIN WORDS: INTENTION OF PARTIES. A construction of a written contract, which requires the rejection of certain words, is unwarranted where the rejection of such words would defeat the intention of the parties.

2. **Sufficiency of Tender:** OBJECTIONS. Where the question of the sufficiency of a tender arises in the course of the trial of a cause, and it appears that such tender was rejected on specific grounds, other objections to the tender will not be considered.

ERROR from the district court for Lancaster county. Tried below before HOLMES, J. *Reversed.*

*Ricketts & Ricketts,* for plaintiffs in error.

*Charles O. Whedon, contra.*

ALBERT, C.

This is an action in replevin, brought to recover possession of 7,600 bales of hay. The legal title of the plaintiffs to the property is conceded. The defendants claim the right of possession by virtue of a lien for storage. That the property was delivered by the plaintiffs to the defendants for storage, and stored by the latter, is also conceded. The plaintiffs allege payment of a part of the charges for storage, and a tender of the balance. The defendants insist that the tender was insufficient in amount. The cause was submitted to the court without a jury. There was a finding and judgment for the defendants. The plaintiffs bring the record here for review.

Whether plaintiffs' tender was sufficient in amount depends upon the construction to be placed on the contract of the parties. The contract was reduced to writing, and is as follows:

"LINCOLN, NEB., September 12, 1894.
"*A. D. Ricketts & Co., City:*

"GENTLEMEN—We will receive and store for you twenty-five or more cars of hay in bales, on the following terms and conditions: For all hay received on track at our warehouse, cor. 6th and L sts., in this city, we will receive and store for you at the following rates: For one Mo. or fraction thereof two cts. pr. Mo. per bale of 75 lbs. For two Mo. or fraction thereof one & one-half cts. per Mo. pr. bale of 75 lbs. For three Mo. or fraction thereof one & one-fourth cts. pr. Mo. per bale of 75 lbs. For four Mo. or fraction thereof one ct. per. Mo. pr. bale of 75 lbs. For five Mo. or fraction thereof three-fourths cts. pr. Mo. pr. bale of 75 lbs. For six Mo. or fraction thereof five-eighths cts. pr. Mo. pr. bale of 75 lbs.

"If the average weight is above or below 75 pounds per bale, then we are to receive the same proportionate weight per bale as above specified, we to keep an accurate account of the number of bales received and make deliveries only on your written order. We to hold ourselves responsible for any shortage in bales not accounted for by your orders, except loss by fire or the elements.

"When deliveries are made to your team at our warehouse you to furnish one-half the labor to load the same. We to load in cars at our warehouse all hay shipped out in car lots.

"Payment for the previous month's storage to be made on the first of each month.

"NEB. IMPL. & FORWD. CO.,<br>"Per J. F. BARR.

"Accepted, A. D. RICKETTS & CO.

"Signed in duplicate.

"We will haul all your hay from the Rock Island freight depot to our warehouse for the sum of twenty-two and one-half (22½) cts. per ton.          "NEB. IMP. & F. CO.,

"By J. F. BARR."

The defendants insist that a proper construction of the contract would entitle them to 2 cents per bale for the first

month, $1\frac{1}{2}$ cents per bale for the second month, and so on, so that the total charges for six months would be $7\frac{1}{4}$ cents per bale. We do not think the instrument will admit of that construction. The defendants' offer was, not to store the hay the first month for 2 cents for each bale, the second month for $1\frac{1}{2}$ cents a month per bale, and so on, but to store it one month for 2 cents per bale, two months for $1\frac{1}{2}$ cents a month per bale, etc. Each rate fixed by the offer, is, by the terms of the instrument, a rate per month. To adopt the defendants' construction, would require the rejection of the phrase "per month," which runs throughout the offer. That phrase is so clearly a part of the contract that its rejection would be setting at naught the manifest intention of the parties, which is permissible under no canon of construction of which we have knowledge. The plaintiffs insist that by the terms of the contract the storage charges were uniform for the whole number of months the hay was left in storage; that is, if left in storage one month the charges would be 2 cents per bale, two months $1\frac{1}{2}$ cents per bale per month, and so on. The defendants suggest a difficulty in the way of the adoption of this construction, and that is that the contract provides for the monthly payment of storage, and that, as the contract is silent as to the number of months the hay was to be kept in storage, it would be impossible to ascertain, at the end of each month, the amount due for the preceding month. That objection would be entitled to great weight were we compelled to confine ourselves to the writing itself; but it must be kept in mind that the question under investigation is the sufficiency of the tender made by the plaintiffs. The evidence shows that in March, 1895, the defendants notified the plaintiffs that the contract would expire on the first day of the succeeding month, which would be six months from the date the hay was delivered for storage. In making their tender, the plaintiffs had a right to adopt the defendants' construction of the contract as to the time it was to run. The defendants, having signified their construction of the contract in this

particular, are in no position to complain if the plaintiffs, in making their tender, adopted that construction as the basis of their computation of the amount due. Under this construction of the contract the storage charges for the entire six months would be $285. Of this amount $76 was paid about the 1st of November, 1894. From that date, at different times, the plaintiff tendered the amounts falling due, computed on the basis of a six-months' contract. The final tender was made on the 18th day of March, 1895, and was $209, which, added to the $76 hereinbefore mentioned, covered the entire amount of storage charges for the entire period. The defendants now object to some of the tenders on the ground that they were made by check, and were not unconditional. No such objection was urged against the tenders when made. They were objected to on the sole ground that under the construction placed upon the contract by the defendants hereinbefore mentioned the amount tendered was insufficient. It is well settled that where a tender is rejected on one ground, other objections thereto are waived. The plaintiffs, having paid a part of the storage charges and made due tender of the balance due, under a proper construction of the contract, were entitled to the possession of the hay, and the judgment of the district court is erroneous.

It is therefore recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

AMES and DUFFIE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.