## Case No. 3,608.

### DAVIDSON v. SMITH.

[1 Biss 346;[1] 9 Am. Law Reg. 217; 2 West. Law Month. 566; 8 Pittsb. Leg. J. 266.]

District Court, D. Wisconsin. Aug., 1860.

STATE INSOLVENT LAWS—EFFECT IN ANOTHER STATE.

1. A non-resident plaintiff who has brought suit in the courts of the state where the defendant resides has subjected himself to the jurisdiction of that state, and is bound by discharge afterwards granted under the insolvent laws of that state.

2. By obtaining a judgment in the circuit court of the United States for another state, upon a record of the judgment of the state court, the plaintiff has not changed his position. A satisfaction of the judgment in the state court would operate as a satisfaction of that in the United States court; and whatever would bar the former would also bar the latter.

3. Although a state insolvent law has no force or validity outside of the state, except such as may be given it by comity, the principle of the constitution of the United States, that full faith and credit shall be given in each state, to the judicial proceedings of every other state, requires that judgments when sued on in another state shall be considered of the same force and effect as in the state wherein they were originally rendered.

This action was founded on a record of a judgment rendered in the circuit court of the United States, for the northern district of Illinois, July term, 1855, against the defendant, as a citizen of the state of Wisconsin, and in favor of the plaintiffs as citizens of Illinois. That suit was upon a record of a judgment in favor of the plaintiffs against

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the defendant rendered in September, 1854, in the supreme court of the state of New York, for the county of Chautauqua.

The defendant pleads in bar, that the judgment of the court of the state of New York, was founded on his promissory note, made to one Oliver Patch, or order, in the state of New York, and payable in the city of New York, and by Patch indorsed to the plaintiffs; that at the time of making the note and of the rendition of the first judgment, he, the defendant, and Patch were inhabitants and residents of the state of New York; that in the month of March, 1857, the defendant presented his petition to the county court of the county of Wyoming, in the state of New York, for his discharge as an insolvent debtor, in pursuance of the statute law of that state, upon which he was discharged; and that he made an assignment by order of the court, in the month of May following. In his schedules, he returned these plaintiffs, as living in the city of Chicago, state of Illinois, creditors by a judgment rendered in the circuit court of the United States for the northern district of Illinois, on a judgment rendered in the court of Chautauqua county, in the state of New York, upon his note to Oliver Patch, of New York, and payable in that state. The judgment in the declaration mentioned was rendered prior to the discharge. To the plea, the plaintiffs demurred, in which the defendant joined.

H. K. Whiton, for plaintiffs.

Knowlton, Pritchard & Jackson, for defendant.

MILLER, District Judge. [The original debt was contracted by a promissory note, between parties in the state of New York, and payable in that state. The indorsees of the note recovered a judgment against the maker in a court of that state; and in a suit on that judgment record they, as citizens of the state of Illinois, recovered a judgment in the circuit court of the United States, in Illinois, against the defendant, who was afterwards discharged, and made an assignment as an insolvent debtor, as a resident of the state of New York, under a law of that state, returning in the schedule the plaintiffs as residents of the state of Illinois.][2] In the absence of uniform laws on the subject of bankruptcy, throughout the United States, under the constitution, the effect to be given discharges under insolvent laws of the states, is a question of embarrassment to the courts, and of interest to parties. The courts of the several states uniformly carry out their own laws, and between some of the states a comity is observed. For these reasons, decisions of the courts of the states in regard to their own laws, or in observance of existing comity, afford but little aid in the determination of the question presented by

[2] [From 9 Am. Law Reg. 217.]

the pleadings. Decisions of the courts of the United States must be my guide, if I can ascertain them with sufficient certainty. The subject under consideration appropriately belongs to those courts, as it relates to the rights of citizens of different states.

It is understood that, by the insolvent laws of the state of New York, a debt is discharged where the contract was made within the state; or where the contract was to be performed within the state; or where the creditor, at the time of the first publication of notice, was a resident of the state. Under that law, the supreme court of the state held, that the discharge of a defendant from the payment of his debts is an absolute bar to a recovery upon a contract made and to be executed within the state, although the creditor be a non-resident of the state, and neither united in the application for the discharge, nor accepted a dividend of the assets. And if such discharge be granted after a judgment on the contract, the debtor will be relieved on motion, and a perpetual stay of proceeding on the judgment will be granted, the plaintiff being at the time a resident of another state. Parkinson v. Scoville, 19 Wend. 150. That decision literally carried out the statute law of the state. There is no question but that, if the note had been held by the payee, or if these plaintiffs had resided in the state of New York at the date of the discharge, and had not previously obtained a judgment in the circuit court of the United States, in Illinois, the defendant would have been released from the debt. The release of the debt by the insolvent discharge is the only matter for consideration; the question of lien of either of the judgments is not in the case. The plaintiffs sue upon the judgment record simply as an evidence of debt.

In the case of Burt v. Smith, which was a suit upon a judgment record from a court of this state, founded on a judgment record from the state of New York, this court adjudged the discharge binding on the plaintiff, as he was, at the date of the discharge, a resident of the state of New York, and, as creditor, had joined in the petition to the court for the discharge. In Clay v. Smith, 3 Pet. [28 U. S.] 411, the plaintiff, a non-resident of the state where the discharge was ordered, having received from the assignee a dividend of the assets, it was held that he was thereby concluded.

In Ogden v. Saunders, 12 Wheat. [25 U. S.] 213, it is decided, that an insolvent law of a state, which discharges a party from his debts subsequently contracted, does not impair the obligation of future contracts between its citizens; but it cannot affect the rights of creditors, who are citizens of other states. The question in that case, as determined by the court was, whether a discharge of a debtor under a state law, was valid against a creditor, a citizen of another state who had never voluntarily subjected himself to the state laws otherwise than by the origin of the contract. The debt had been contracted in the state of New York, where Ogden was discharged, the plaintiff residing in the state of Kentucky. Since the decision of that case, the constitutionality of state insolvent laws as to future debts has not been questioned in the supreme court of the United States; and the principle there decided as to non-resident creditors, has been steadily maintained. In Boyle v. Zacharie, 6 Pet. [31 U. S.] 635, the debt was a contract of the state of Louisiana, and Zacharie, the creditor, resided in that state. Boyle, the debtor, resided in the state of Maryland, and was discharged under the insolvent laws of that state. It was held that the discharge in the state of Maryland did not affect this creditor. In Clark v. Von Reimsdyke, 9 Cranch [13 U. S.] 153, it is decided that a discharge under the law of Rhode Island, will not protect a debtor against a debt contracted in a foreign country. And in Cook v. Moffit, 5 How. [46 U. S.] 295, the supreme court adhere to their previous decisions, and decide that a contract made or to be performed in the state of New York, with a resident of that state, is not affected by a discharge of the debtor in the state of Maryland, where the debtor resided. That case was decided in the circuit court of the United States, for the district of Maryland, the state in which the insolvent discharge was made; and the judgment was affirmed in the supreme court. Taney, C. J., in his opinion, says that he ruled the case in the circuit court, in obedience to the decisions of the supreme court; and he remarks:—"I cannot see how such laws can be regarded as a violation of the constitution of the United States. For bankrupt laws, in the nature of things, can have no force, or operation beyond the limits of the state or nation by which they were passed, except by the comity of other states or nations. According to established principles of jurisprudence such laws have always been held valid and binding within the territorial limits of the state by which they are passed, although they may act upon contracts made in another country, or upon the citizens of another nation. And they have never been considered, on that account, an infringement of the rights of other nations or their citizens. But beyond the limits of the state they have no force except such as may be given them by comity. If therefore, a state may pass a bankrupt law, in the fair and ordinary exercise of such a power, it would seem to follow that it would be valid and binding, not only upon the courts of the state, but also upon the courts of the United States, when sitting in the state and administering justice according to its laws, and that in the tribunals of other states it should receive the respect and comity which the established usages of civilized nations extend to the bankrupt laws of each other." From these remarks it is apparent that the chief justice in the circuit court for Maryland would have

considered the insolvent discharge in that state effectual against the non-resident creditor, if he had not been bound by the adjudications of the supreme court of the United States. In that case Mr. Justice Daniel and Mr. Justice Woodbury held that the bankrupt law of a state is a law of the contract and enters into it; and that the lex loci contractus, must govern. The position of Justice Woodbury is that "such laws are to be regarded as if part of the subsequent contract, incorporated into it; and hence that the contract, being construed according to the lex loci contractus should be discharged by a certificate of bankruptcy given to the obligor in the state where the contract was made and was to be performed. And this, whether the action on it is brought in that state or another, or in the courts of the United States, or those of the states, and whether the obligee resides in that state or elsewhere. Considered as a part of the contract itself, it is inseparable from it and follows it into all hands and all places." Justice Story in Le Roy v. Crowninshield [Case No. 8,269], and in Story's Conflict of Laws, § 351, seems to approve this position. If this position were tenable, I should not have much difficulty in disposing of the question under consideration; but I am not disposed to adopt it as a controlling principle. These several positions of Chief Justice Taney, and Justices Daniel and Woodbury are merely cited as modern principles, in regard to discharges under state insolvent laws. And in the reports of the supreme court of the United States, it will appear that the justices from time to time varied in their opinions of these laws, from considering them as laws impairing the obligation of contracts in the sense of the constitution of the United States, to the extreme positions above cited. But, however they may have differed in their opinions, the law of the court is, that an action of a non-resident plaintiff is not barred by a plea of discharge under a state insolvent law, unless he has abandoned his ex-territorial immunity, by voluntarily subjecting himself to the state laws, otherwise than by the origin of the contract. The question now to be considered is, whether these plaintiffs abandoned this immunity by obtaining the judgment against the defendant in the state of New York.

A judgment is the sentence of the law, pronounced by a court, upon the matter contained in the record. It is a debt of record; and in many respects, is distinguished from a contract. The omission of a joint debtor, in a suit on contract, must be taken advantage of by a plea in abatement; but in a suit on a judgment record, such omission may be demurred to. Gilman v. Rives, 10 Pet. [35 U. S.] 298. A suit on a judgment record is considered as in the nature of a scire facias to revive a judgment. A judgment record is not evidence of a new contract, but is a debt of record founded on the original contract. At common law a judgment in a personal action could only be revived by a suit, until the scire facias was allowed by the statute of 2 Westminster, c. 45. Debt lies on a judgment record, upon the principle of a contract implied in law. Nul tiel record is the only plea of the general issue; but payment, or release, in fact or law, may be specially pleaded, the same as to a scire facias. The action of debt on a foreign judgment is an original and independent action; but the defense is the same as to a suit on a domestic judgment, or to a scire facias to revive a judgment.

The judgment in the circuit court of the United States for the northern district of Illinois, was no satisfaction of the judgment in the county of Chautauqua, in the state of New York. Mumford v. Stocker, 1 Cow. 178. But satisfaction of the judgment in New York would authorize the circuit court in Illinois, either to order a satisfaction of their judgment, or to order a stay of further proceedings. If either order were made and certified here, there could be no further proceedings in this court. If the defendant had paid the debt, interest and costs of the judgment in New York, on proof of such payment he would be entitled to have satisfaction of the judgment in Illinois entered upon the payment of costs.

Upon the principle of the constitution of the United States, and acts of congress, that full faith and credit shall be given in each state, to the judicial proceedings of every other state, an action on the New York judgment could not be maintained against a plea of discharge under the insolvent laws of that state. Judgments when sued on in another state are to be considered of the same force and validity as in the state wherein they were originally rendered.

The plaintiffs voluntarily subjected themselves to the jurisdiction of the state of New York. Their judgment was subject to the judicial authority of that state; and they, in regard to their judgment as an evidence of debt, were bound by the subsequent action of the courts of the state, whether they resided in the state or not. And from the practice and proceedings of the courts in that state, after the discharge of the defendant as an insolvent debtor, it was competent for the court of Chautauqua county, upon motion, to order that no further proceedings be had on the judgment. Whether that order has been made or not does not appear; but we consider it as made. The supreme court of Pennsylvania in Merchants' Ins. Co. v. De Wolf, 9 Casey [33 Pa. St.] 45, decided, that a suit would lie on a record of a judgment in the state of New York, that had been appealed from, but not superseded; leaving the judgment to be set aside or stayed by audita querela or a writ of error coram nobis, on a certificate of reversal of the original judgment. The re-

versal of that judgment was uncertain, and the court proceeded, until the fact of reversal should be certified. In this case the extinguishment of the original judgment as a debt of record is reduced to a certainty.

· Chief Justice Nelson in the case of Van Hook v. Whitloch, 26 Wend. 43, remarks on page 54: "I am not aware that it has been distinctly determined by any case, in the supreme court of the United States, that the discharge would not have been a bar against a citizen of another state, where the suit is brought in the court of the state, in which it was granted; and upon a contract made therein posterior to the law." Neither am I aware of any such decision in the supreme court of the United States. But we now see that the court of the state of New York has so decided; and as the plaintiffs would be barred of a suit in that state, this court has no right to question the position of the court of that state, that the judgment in the county of Chautauqua, into which the note merged, is extinguished as evidence of a subsisting debt. I think the plaintiffs are as much bound by the insolvent discharge of the defendant in the state of New York, as if they had consented to the discharge, and had received a dividend of the assets of the insolvent estate.

The judgment in the United States circuit court in Illinois, was founded upon, and, as I have shown, is dependent upon the satisfaction or extinguishment of the judgment in New York. That judgment being rendered before the insolvent discharge of the defendant, cannot be interposed, to deprive the defendant of the legal benefit of his discharge. Such being the legal consequence of that discharge, in regard to the judgments in New York and Illinois, it follows that the plaintiffs cannot maintain this suit, and that the demurrer must be overruled, and judgment entered for the defendant on the plea.

See Green v. Sarmiento [Case No. 5,760]; Bank of Alabama v. Dalton, 9 How. [50 U. S.] 522; Hampton v. McConnell, 3 Wheat. [16 U. S.] 234; Mills v. Duryee, 7 Cranch [11 U. S.] 481; Warren Manuf'g Co. v. Etna Ins. Co. [Case No. 17,206]; Steel v. Smith, 7 Watts & S. 447.