MYRON SHEPARD vs. C. H. PETTIT and another, Administrators.

January 3, 1883.

**Appeal—Motion to Change Conclusions of Law.**—An order denying a motion that the court change its conclusions of law in its decision, upon its trial of a cause without a jury, is not appealable.

**Cotenants—Severance of Trees from Land.**—When one cotenant of real estate, without the consent of his cotenant, cuts trees from the land and sells the logs, an action by the latter against the former, for converting the logs, is not an action under Gen. St. 1878, c. 75, § 43, for receiving "more than his just proportion of the rents or profits," and the plaintiff need not show that defendant cut more than his proportionate share of the trees.

**Same—Conversion of Trees after Severance.**—A cotenant of personal property who, without the consent of his cotenant, sells the property as his own, is liable for conversion of his cotenant's share. Trees cut by one cotenant of land without the consent of the other belong, after the severance, to the cotenants of the land; and if the wrong-doer sells the logs as his own without the consent of his cotenant, he is liable to him for converting his share.

Appeal by plaintiff from an order of the district court for Washington county, denying a motion to change its conclusions of law, after a trial before *McCluer*, J., without a jury. Defendants, also, appeal from the judgment entered. The action was originally brought against one David Syme, of whom the defendants are the administrators.

*J. N. & I. W. Castle*, for plaintiff.

*Babcock & Davis*, for defendants, cited *Kean* v. *Connelly*, 25 Minn. 222; *Hause* v. *Hause*, 29 Minn. 252.

GILFILLAN, C. J.* Action for converting an undivided fourth of certain logs. It was tried by the court without a jury, and the following facts (in substance) found: The defendant and plaintiff and one Davis owned as tenants in common a certain quarter-section of land, the defendant owning an undivided three-fourths, and the other

---

*Mitchell, J., because of illness, took no part in this case.

two an undivided one-fourth. Defendant, without the consent of the others, cut the logs from the land, took them to Stillwater and sold them, and received the price. Davis assigned his demand to plaintiff. As a conclusion of law, the court found that plaintiff is entitled to recover one-fourth of the proceeds of the logs, (such proceeds being equal to their value at the time and place of the sale,) less the expenses of preparing them for and bringing them to market. Thereupon the plaintiff made a motion that the court modify its conclusion of law so as to find that plaintiff is entitled to recover one-fourth of the value of the logs, without any deduction for expenses. The motion was denied, and plaintiff appealed from the order denying it. Judgment was entered on the decision, and the defendant appealed from that.

The appeal from the order must be dismissed. It has been many times decided by this court that an appeal cannot be taken from an order or direction for judgment, but must be taken from the judgment when entered. The order refusing to modify the conclusion of law was, as was the conclusion itself, in the nature of an order or direction for judgment, and therefore not appealable.

On his appeal the defendant assumes that the action is under the statute, and can be maintained only if defendant appropriated more than three-fourths of the trees on the land, and insists that, inasmuch as it does not appear what proportion of the trees was taken by defendant, the case was not made out. But the action is not under the statute. That gives an action in the nature of *assumpsit*, (*Kean* v. *Connelly*, 25 Minn. 222,) while this action is for conversion. The statute authorizes one cotenant to bring an action against another only for receiving more than his just proportion of the rents or profits. Trees cut and removed from the land cannot be regarded as rents or profits, within the meaning of the statute, nor can the money received upon a sale of them. The court held in *Kean* v. *Connelly* that grass cut from the land does not come within the statute. The case depends, therefore, not on the statute, but on the principles of the common law.

The trees, when severed, became personal property, and, unless the severing them vested the exclusive title in defendant, they be-

longed afterwards, as when they were part of the realty, to the parties as tenants in common. One cotenant, who, without the consent of the other, sells as his own the joint personal property, thereby severs the cotenancy, and is liable to the other for a conversion of his share. *Person* v. *Wilson*, 25 Minn. 189. One cotenant of real estate may, in the absence of any agreement and if he do not exclude the other from a joint occupation with him, exclusively possess and occupy the land, and may make such profit as he can by proper cultivation or other usual means of acquiring benefit therefrom, and retain the whole of such benefits. *Kean* v. *Connelly, supra;* Freeman on Cotenancy, § 258. In other words, he is not to be deprived of the beneficial use and enjoyment of the land merely because his cotenant does not see fit to insist upon enjoying such use with him, nor is he required in such case to share with the other the benefits of his skill and labor bestowed in the proper use and employment of the common property. The products of his skill and labor in such use and employment are his. But this right to retain, use, and appropriate the benefits of the land extends only to the products of its proper use and employment, and not to anything which is part of the land itself, and not severable in the proper use of it. He is undoubtedly liable for waste, or for destruction of what is of the realty, or for acts amounting to a destruction of part of the realty, as the severance and removal of a mill or the fixed machinery. Freeman on Cotenancy, §§ 297–8; *Maddox* v. *Goddard*, 15 Me. 218; *Symonds* v. *Harris*, 51 Me. 14.

The wrong-doer can acquire no rights by his wrongful act of severing part of the realty, and so changing its character from real to personal property. Standing trees are, ordinarily at least, to be regarded, as between the cotenants, as part of the real estate, and severing and removing them, without consent of other cotenants, a destruction, to that extent, of the realty. After the severance they are the property of the cotenants, and, by a conversion of them, the cotenant converting them becomes liable to his cotenants, as in case of other personal property.

Judgment affirmed.