## POLSON LOGGING CO. v. NEUMEYER et al.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1916.)

No. 2584.

1. **SALES ⬳164—PERFORMANCE OF CONTRACT BY SELLER—EXCESS OF QUANTITY.**

   Under an order for a quantity of steel bars of various sizes, the bars to be 20 feet long and cut in two, some of the steel was shipped in bars exceeding 10 feet in length, the aggregate length of three bars being over 77 feet, and the aggregate excess of length over the order 523 feet, making a total excess in weight of 2,709 pounds, amounting at the contract price to considerably over $300 on an order aggregating between $3,000 and $4,000. *Held*, that the buyer would have been justified in refusing to accept the shipment because of this excess, either under the strict rules of the common law or under the rule of substantial compliance.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 386–390; Dec. Dig. ⬳164.]

2. **SALES ⬳176—REFUSAL TO ACCEPT—WAIVER OF OBJECTIONS NOT SPECIFIED.**

   A seller of steel bars shipped bars exceeding the length specified in the order, making an aggregate excess of length over the order of 523 feet and an additional cost at the contract price of over $300. The purchaser, however, refused to receive the steel on the ground that the sellers' agent was guilty of fraud in procuring the order and that the purchaser's employé was without authority to give the order, and the objection to the excess in quantity was not made until about a week before trial, more than a year after the shipment of the steel, during which time the parties had been disputing by letter and telegraph over the fact of the alleged sale, the alleged fraud, and the lack of authority on the part of their respective employés. *Held*, that the objection based on the excess in quantity was made too late, since a buyer of merchandise must either accept or

reject it when tendered, and is bound to do one or the other within a reasonable time.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 436–444; Dec. Dig. ⊚⇒176.]

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by Gustave H. Neumeyer and another, copartners doing business as Neumeyer & Dimond, against the Polson Logging Company. Judgment for plaintiffs for $3,895.39, the amount sued for, and defendant brings error. Affirmed.

This action was brought to recover the alleged agreed value of certain bars of steel alleged to have been ordered in writing by the defendant to the action (plaintiff in error here), from the plaintiffs (defendants in error), the delivery to be made f. o. b. Hoquiam, state of Washington, which the plaintiffs in their complaint alleged were so delivered, and for which the complaint alleged the defendant company promised, but afterwards refused, to pay. Those allegations of the complaint were put in issue by the answer of the defendant, which also set up as an affirmative defense certain alleged frauds upon the part of the plaintiffs' salesman who procured the order (to be set out in full), and lack of authority on the part of the defendant's representative who signed the order. The order is as follows:

"No. 2012.　　　　　　　　　　　　　　　　　　　　　　　　Sept. 11, 1912.
　　　　　　　　　　"Neumeyer & Dimond, New York.

"Enter our order for the following:
"When ship—Soon as possible.
"Ship to—Polson Logging Company, Hoquiam, Washington.
"Send bill to—Same.

3 bars 1½″ x 2½″ Swivel Steel
2 bars each 2″ Rd. 1–⅜″ Rd. Clevis Steel
1 " " 2¼″ Round Swivel Eye Steel
7 " " 1¼″ x 4½″ Chaker Hook
2 bars each 1¼″ Rd. –2½″ Rd. Block Hook Steel
2 " " 2¼″ Round Line " "
2 " " ⁵⁄₁₆″ x 14″ Block Side Steel
2 " " 2–¾″ ☐ Sledge Steel
2 " " 2″ Rd–2½″ Rd–1–¹³⁄₁₆″ Rd. Piston Rod Steel
1 " " 1¼″ Round Valve Rod
1 " " ⁷⁄₁₆″ x 3½″ Locomotive Spring Steel
25 " " 1″ x 2″ Dog Hook Steel
1 " " ⅝″ Oct. 2 bars ¾″ Oct. Cold Chisel
2 " " 2″ ☐ 1½″ ☐ 1–⅜″ ☐ 1¼″ ☐ Track & Bull Chisel
1 " " 3″ ☐ Splitting Wedge Steel
12 " " 1″ x 3″ Falling & Bucking Wedge
12 " " ⅞ Rd. –1″ Rd–1–⅛″ Rd–1–1¼″ Rd Cold Shut
50 " " ¾″ Round
2 " " 1″ " Roller Bearing Steel
250 ft. 1¼″ x 6″ Draw Head Steel
　　　bars 20 ft. long cut in two at 12½¢ lb.
　　　8 ft. each 3″ ☐ 4″ ☐ Die Steel (Ann.) 17¢ lb.

　　　　　　　　　　　　"F. O. B. Hoquiam, Wash.

"Polson Lg. Co. Order #653 as per copy left with us of this order.
"Terms 2% 10 days, 30 days net.　　　　　　[Signed]　Polson Logging Co.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　"J. C. Shaw."

On one side of sheet:
"This order is taken subject to delay in delivery caused by strikes, differences with workmen, serious fires, accidents to machinery, or other causes unavoidable or beyond our control.
　　"(4158)"

The issues made by the plaintiffs' reply to the alleged fraud on the part of the plaintiffs' representative, and the alleged lack of authority of the defendant's representative, were resolved by the jury against the defendant, and, as the case is brought here, are not for consideration by this court. ·

The contention on the part of the plaintiff in error grows out of the fact that it appeared in evidence without conflict that some of the steel was shipped in bars exceeding 10 feet in length—the aggregate length of the three bars of 1½″ x 2½″ of swivel steel being 77 feet 2½ inches, and the aggregate excess of length over the order being 523 feet, making a total excess in weight of 2,709 pounds, amounting at the contract price to considerably over $300.

Bridges & Bruener, of Aberdeen, Wash., for plaintiff in error.

John W. Roberts and Nelson R. Anderson, both of Seattle, Wash., for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

ROSS, Circuit Judge (after stating the facts as above).  [1, 2] Whether tested by the strict rules of the common law, or the rule contended for by the defendants in error, requiring only a substantial compliance with the terms of the contract by the seller, we should have no difficulty in holding that such a departure in the matter of the length of the bars and such excess in weight of the steel, resulting in an additional cost over the contract price to the purchaser of more than $300, is not sanctioned by either of the rules referred to, and would have justified the latter in refusing to accept the shipment in question, had such refusal been seasonably made on those grounds. But the case shows that the purchaser refused to receive the steel so shipped solely upon the grounds that the sellers' solicitor was guilty of fraud in procuring the order, and that the defendant's employé was without authority to give it, and therefore that there was no sale or purchase.

The objections now relied upon to defeat the action were confessedly not made until about a week before the actual trial of the case —long after the suit had been brought, and more than a year after the steel had been shipped to the purchaser, during which time the respective parties were disputing by telegraph and letter over the fact of the alleged sale and the alleged fraud and lack of authority on the part of their respective employés.

We think the objections now relied upon were made altogether too late.˙ It is quite true that mere silence at a time when there is no occasion to speak is neither a waiver nor evidence from which a waiver may be inferred—especially when unaccompanied by any act calculated to mislead the other party.  But surely a buyer of merchandise must either accept or reject it when tendered by the seller, and is bound to do one thing or the other within a reasonable time.  In the present instance the buyer made no objection within any reasonable time to the overweight of the steel nor to the length of the bars, but based its refusal to accept the shipment exclusively upon the grounds above stated, which grounds the jury found were without any foundation.

In Railway Company v. McCarthy, 96 U. S. 258, 267 (24 L. Ed. 693), the Supreme Court said:

"Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law. Gould v. Banks, 8 Wend. (N. Y.) 562 [24 Am. Dec. 90]; Holbrook v. White, 24 Wend. (N. Y.) 169 [35 Am. Dec. 607]; Everett v. Saltus, 15 Wend. (N. Y.) 474; Wright v. Reed, 3 Durnf. & E. 554; Duffy v. O'Donovan, 46 N. Y. 223; Winter v. Coit, 7 N. Y. 288 [57 Am. Dec. 522]."

To the same effect, see Oakland Sugar Mill Co. v. Fred W. Wolf Co., 118 Fed. 239, 55 C. C. A. 93; Davis & Rankin Bldg. & Mfg. Co. v. Dix (C. C.) 64 Fed. 406, 410, 411; Lorraine Mfg. Co. v. Oshinsky et al. (C. C.) 182 Fed. 407; Meincke v. Falk, 61 Wis. 623, 21 N. W. 785, 50 Am. Rep. 157; Zeimantaz v. Blake, 39 Wash. 6, 80 Pac. 822; Peterson Bros. v. Mineral King Fruit Co., 140 Cal. 624, 74 Pac. 162; Ginn et al. v. Clark Coal Co., 143 Mich. 84, 106 N. W. 867, 107 N. W. 904; Linger v. Wilson, 73 W. Va. 669, 80 S. E. 1108; Sutton v. Risser, 104 Iowa, 631, 74 N. W. 23; Ricketts v. Buckstaff, 64 Neb. 851, 90 N. W. 915; Bundy v. Wells et al., 88 Neb. 554, 130 N. W. 273, Ann. Cas. 1912B, 900; 28 Am. & Eng. Encyc. of Law, 18, and cases there cited.

The judgment is affirmed.