MENTE et al. v. DE WITT RICE MILL CO.

(Circuit Court of Appeals, Eighth Circuit. April 25, 1918.)

No. 4874.

1. ESTOPPEL ⬅63—EQUITABLE ESTOPPEL—INJURY.

Defendants' refusal to carry out a contract of sale, on the ground that performance depended upon the making of another contract never executed, did not estop them, in an action for breach, from attacking the contract because there was no meeting of the minds, for the two grounds were not inconsistent.

2. ESTOPPEL ⬅57—EQUITABLE ESTOPPEL—PREJUDICE.

Defendants' refusal to carry out a contract of sale on a stated ground did not estop them from attacking the contract because there was no meeting of the minds, for the assertion of nonliability on the first ground could not have given defendants any advantage.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. ESTOPPEL ⟷58—EQUITABLE ESTOPPEL—PREJUDICE.
   Defendant's refusal to carry out a contract of sale on a stated ground did not estop them from attacking the contract because there was no meeting of the minds, in absence of prejudice to plaintiff.

4. SALES ⟷23(1)—CONTRACTS—MEETING OF MINDS.
   Where plaintiff's agent, who orally negotiated with defendant, had no authority to bind his principal, so that the arrangement was no more than an offer by defendant to make a contract on those terms, plaintiff's acceptance, which added conditions as to delivery and as to sales to others, etc., is such a modification of the offer that there was no meeting of the minds, resulting in a binding contract.

In Error to the District Court of the United States for the Eastern District of Arkansas.

Action by Eugene W. Mente and Emanuel V. Benjamin, copartners trading as Mente & Co., against the De Witt Rice Mill Company. There was a judgment for defendant, and plaintiffs bring error. Affirmed.

Henry P. Dart, Jr., of New Orleans, La. (F. G. Bridges, W. T. Wooldridge, and H. T. Wooldridge, all of Pine Bluff, Ark., and Dart, Kernan & Dart, of New Orleans, La., on the brief), for plaintiffs in error.

Charles T. Coleman, of Little Rock, Ark. (William M. Lewis, of Little Rock, Ark., on the brief), for defendant in error.

Before HOOK, CARLAND, and STONE, Circuit Judges.

STONE, Circuit Judge. Writ of error from a directed verdict for defendant at the close of plaintiffs' evidence in an action for damages arising from breach of contract.

The defendant contended that no binding contract existed, because the minds of the parties had not met upon the terms thereof. The court adopted this view. Plaintiffs insist that this was error for two reasons: (a) That defendant is estopped from taking this position, because it had before litigation given as its sole reason for nonperformance that this contract depended upon making another contract which was never executed; (b) that the minds of the parties met upon all of the essential terms of the contract.

[1-3] (a) The estoppel here urged is equitable. Union Central Life Insurance Company v. Drake, 214 Fed. 536, 547, 131 C. C. A. 82. Here we find no possible way in which defendant could have been benefited or plaintiffs have been damaged by the alleged "change of hold." Here no reason for nonperformance was given until after the entire time for performance had elapsed. It is not a case of refusal to perform for some reason which plaintiffs might have removed, had they known of it, and thus secured performance. Nor are the two grounds of the validity claimed inconsistent. Both were based upon a lack of meeting of minds. The plaintiffs have done the only thing they could do after they ascertained the attitude of defendant; in fact, the only thing they could have done, had it remained silent as to its reasons for nonperformance. They have gone into the market and bought the articles, and are now seeking to recover their loss. We

think the rule should not be applied under such circumstances. Some of the cases in the federal courts which have dealt with the limits of this rule, most of them, in connection with contracts, are Davis v. Wakelee, 156 U. S. 680, 15 Sup. Ct. 555, 39 L. Ed. 578; Railway Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693; Galle v. Hamburg, etc., Gesellschaft, 233 Fed. 424, 147 C. C. A. 360; Polson Logging Co. v. Neumeyer, 229 Fed. 705, 144 C. C. A. 115; Union Central Life Ins. Co. v. Drake, 214 Fed. 536, 131 C. C. A. 82; Boston Elev. R. Co. v. Boyton Company, 211 Fed. 812, 128 C. C. A. 338; Taenzer & Co. v. R. Co., 191 Fed. 543, 112 C. C. A. 153; Goodman v. Purnell, 187 Fed. 90, 109 C. C. A. 408: Smith v. Boston Elev. R. Co., 184 Fed. 387, 106 C. C. A. 497, 37 L. R. A. (N. S.) 429; Seminole Sec. Co. v. Ins. Co. (C. C.) 182 Fed. 85; Mesa Market Co. v. Crosby, 174 Fed. 96, 98 C. C. A. 70; Western Union Teleg. Co. v. Thompson, 144 Fed. 578, 75 C. C. A. 334; Kansas Union Insurance Co. v. Burman, 141 Fed. 835, 73 C. C. A. 69; Oakland Sugar Mill Co.' v. Wolf Co., 118 Fed. 239, 55 C. C. A. 93; McDonough v. Evans Marble Co., 112 Fed. 634, 50 C. C. A. 403; Brooks v. Laurent, 98 Fed. 647, 39 C. C. A. 201; Davis & Rankin B. & M. Co. v. Dix (C. C.) 64 Fed. 406 and Cornwall v. Davis (C. C.) 38 Fed. 878, 4 L. R. A. 563.

[4] (b) As alleged in the petition and established by plaintiffs' evidence, the circumstances surrounding the making of the contract were as follows: A traveling salesman of the plaintiffs orally negotiated with the defendant, and agreed upon the terms, subject, however, to a confirmation by plaintiffs. Before this confirmation had been received by the defendant, it wrote to plaintiffs' agents its understanding of the contract as follows:

"We beg to confirm our telephone conversation with you to-day, wherein we confirmed to Mente & Co.: '90,000 to 120,000 second-hand, mill run, rough rice bags, at 5½¢ mill. Shipments, latter part of November to January, inclusive. Our option as to shipments during these months. These bags to be free from junk bags.' In making shipments, if there are any junk bags in shipment, you are to allow us the best possible price for this grade of bags."

This letter was forwarded by the agent to the plaintiffs, who responded as follows:

"Your letter 18th to Mr. Max Goldsmith is here, and we confirm same, but we understand these are to be shipped in car lots, equal quantities monthly, November, December, January. Of course you understand we will have to have these shipments in car lots, as we could not stand L/C/L freight. We understand, in making the quantity 90,000 to 120,000, that you are to give us your entire output; the quantities named to be minimum and maximum, depending on your actual output. In other words, no goods are to be sold or furnished to others from your output until you have delivered us the maximum of 120,000, if you mill this quantity."

As the agent of plaintiffs who orally negotiated with defendant had no authority to bind his principal, the arrangement between him and defendant was of no greater legal standing than an offer by defendant to make a contract of those terms. Before that offer had been accepted, defendant replaced it with another contained in its letter above. The only acceptance of that offer is such as contained in the above letter of plaintiffs. A comparison of these two letters

shows differences as to manner of shipment, rate of shipment, origin of bags to be shipped, and control over output of defendant. The offer was: 90,000 to 120,000 rice bags, to be shipped at option of defendant from latter part of November to February 1st. The acceptance was: Shipment in car lots, equal quantities monthly during November, December, and January, of entire output of defendants up to 120,000 bags; no bags to be sold elsewhere until this contract was performed.

Plaintiffs seek to avoid the apparent difference between the offer and acceptance by testimony that the expressions "90,000 to 120,000" bags meant the entire output of defendants between those figures, and that the custom of the bag trade was to ship in carload lots and in equal monthly quantities. They claimed that such explanations would show the letters harmonious upon all essentials of the contract. The court excluded these offers, upon the theory that the contract must be found, if at all, in the writings, which he took to be clear, unambiguous, and complete. We find it unnecessary to pass upon these rulings upon the evidence. Conceding, but not at all deciding, that plaintiffs had the right to and could have shown all they sought, yet we think there would still be a fatal difference between the offer and acceptance. There would be left the requirement in the acceptance that defendant could not sell bags to any one else until it had furnished 120,000 to plaintiffs in equal monthly shipments during the months of November, December, and January. No such restriction is suggested in the offer. Its materiality is self-evident. In our judgment the minds of the parties never met, and the action of the trial court in directing the verdict was proper.

The judgment is affirmed.