## G. AMSINCK & CO., Inc., v. SPRINGFIELD GROCER CO.

(Circuit Court of Appeals, Eighth Circuit. August 4, 1925.)

No. 6961.

**1. Judgment** ⬤➾342(2)—**Final judgment cannot be set aside, unless proceedings therefor commenced during term when entered.**

In absence of statute, District Court cannot set aside final judgment entered at preceding term, unless proceedings therefor were commenced during that term.

**2. Appeal and error** ⬤➾981—**Trial** ⬤➾377(2)—**In absence of final judgment during preceding term, court can reopen case for any purpose consonant with justice.**

In absence of final judgment entered during preceding term, court can reopen case to receive newly discovered evidence, or for any other purpose consonant with justice, which action will not be interfered with by appellate court, except for clear abuse of discretion.

**3. Judgment** ⬤➾1—**"Judgment" defined.**

"Judgment" is final sentence of law on matter at issue as presented by record, and is final determination of rights of parties in an action.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment (in Law).]

**4. Judgment** ⬤➾22, 23—**Neither opinion of court nor order for judgment is judgment.**

Neither opinion of court nor order for judgment is judgment.

**5. Judgment** ⬤➾345—**Memorandum of court held neither special finding of facts nor final judgment, precluding court from reopening case in succeeding term.**

Memorandum of court, designated "memorandum on final hearing," which contained court's conclusions of law entitling plaintiff to recover, and concluded, "Judgment accordingly," *held* at most a memorandum having weight of general verdict of jury, and neither special finding of facts nor final judgment, which precluded court from reopening case at succeeding term.

**6. Courts ⟨key⟩106—Court, having power to set aside verdict of jury for purpose of receiving newly discovered evidence, may do likewise with its own opinion previously filed.**

Court, having power to set aside verdict of jury for purpose of receiving newly discovered evidence, may do likewise with its own opinion previously filed.

**7. Estoppel ⟨key⟩52 —"Waiver" is intentional relinquishment of known right, or conduct warranting inference of relinquishment of such right.**

"Waiver" is intentional relinquishment of known right, or conduct warranting inference of relinquishment of such right.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Waiver.]

**8. Estoppel ⟨key⟩52—Elements of "estoppel" stated.**

"Estoppel" is essence of waiver, and has, as indispensable elements, ignorance of party invoking it and representation by party estopped which misleads, and an innocent and deleterious change of position in reliance on that representation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estoppel.]

**9. Estoppel ⟨key⟩68(4)—Buyer, asserting only defense of want of contract, held not estopped to later assert defense that goods tendered did not comply with contract.**

Defendant, in suit for damages for refusal to receive sugar purchased who, in reliance on representations of plaintiff's counsel that sugar tendered for delivery complied with alleged contract, asserted only defense of want of contract, *held* not estopped to later assert defense that sugar was not of quality called for by contract.

**10. Stipulations ⟨key⟩18(6)—Defendant in action for breach of contract held not estopped by stipulation to assert particular defense.**

Defendant in action for damages for refusal to receive sugar purchased, who, in reliance on representations of plaintiff's counsel, entered stipulation that sugar tendered was of quality called for by alleged contract, *held* not estopped by such stipulation from subsequently asserting defense that sugar was not of quality provided for; representations by plaintiff's counsel having been honestly, but mistakenly, made.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action by G. Amsinck & Co., Inc., against the Springfield Grocer Company. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 300 F. 452.

G. M. Sebree, of Springfield, Mo. (J. B. Fradenburg, of Omaha, Neb., P. H. Kunzig, of Philadephia, Pa., and J. D. Redding, of San Francisco, Cal., on the brief), for plaintiff in error.

E. A. Barbour, of Springfield, Mo. (Barbour & McDavid and Mann & Mann, all of Springfield, Mo., and Wm. Ritchie, Jr., of Omaha, Neb.; on the brief), for defendant in error.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

KENYON, Circuit Judge. Plaintiff in error (herein designated as plaintiff) brought action in the United States District Court for the Southern Division of the Western District of Missouri against defendant in error (herein designated as defendant) to recover damages for the refusal of defendant to receive 80 tons of alleged Java white granulated sugar, which plaintiff claimed defendant had purchased by written agreement of date May 28, 1920, at the price of $22 per 100 pounds, to be delivered to defendant f. o. b. San Francisco upon arrival of boat from Java. Prior to arrival of the sugar at San Francisco, defendant notified plaintiff that it would not receive it. Plaintiff sold the same for the account of defendant realizing $15,149.49, which it credited to defendant. The amount plaintiff alleges defendant agreed to pay was $35,182.40. Plaintiff also expended for commissions, and loading and disposition of said sugar the sum of $185.20. The difference between the contract price and the market value thereof at the time and place of delivery was alleged to be $20,137.44. Defendant claimed that the contract as sued on, which was made by brokers, was not executed by it.

The parties entered into a written stipulation waiving a jury and submitting the issues to Van Valkenburgh, District Judge. The stipulation provided "that it is understood and agreed that, before a judgment is rendered, the said judge will make a written finding of facts covering all the material issues presented, which said finding of facts shall be filed as a part of the proceedings in said cause."

The terms of the United States District Court for the Southern Division of the Western District of Missouri are fixed by law, and commence on the first Monday of April and October, respectively. At the April term, 1922, some evidence was taken in the case, and it was continued to the October term, 1922, when the evidence was completed and the case submitted. At the April term, 1923, and on July second the District Judge sent to the clerk a paper entitled "Memorandum on Final Hearing." In this the court reviewed the evidence in the case specifically making one finding of fact as to a certain al-

leged provision claimed by defendant to have been made in the original offer; the balance of the memorandum as to facts being a résumé of the evidence and various conclusions thereon in the nature of a general opinion of the court. There are some conclusions of law set forth, and the memorandum concludes as follows: "I declare the law to be that this date, to wit, October 29, 1920, fixes the time basis upon which the damage is to be computed. There being no substantial dispute in the evidence as to the figures, if this ruling is the correct one, it must follow that the plaintiff is entitled to recover the amount claimed, to wit, $20,137.44, with interest thereon at 6 per cent, per annum from October 29, 1920. Judgment accordingly. Kansas City, Missouri, June 30, 1923. [Signed] Arba S. Van Valkenburgh, District Judge." This memorandum was recorded in book 3, volume 3, of the Law Record of the court.

At the October term, 1923, and on January 3, 1924, defendant filed a motion to set aside the submission of the cause and permit the introduction of further and newly discovered evidence. At the same term, on January 8, 1924, the court filed a memorandum entitled, "Memorandum upon Defendant's Motion to Set Aside the Submission of the Above-Entitled Cause and to Permit the Parties to Introduce Further Evidence." In this the court referred to the memorandum opinion theretofore filed upon the merits as then presented and said: "This memorandum failing to be brought to the attention of counsel, no judgment was entered therein, and the case stands as though under advisement." Further the court said: "Under the circumstances of the case, the application might have been made in the form of a motion for new trial; but inasmuch as judgment had not been entered, it is now presented, as originally contemplated, as a motion to reopen the case, before final judgment, for the introduction of evidence not before known to the defendant, and deemed to be essential to a just decision of the controversy." The application of defendant to reopen the case for further hearing was granted, and the further proceeding in the case was set for the next April term of the court.

On May 14, 1924, defendant filed a second amended answer, which set out the new matter referred to in its motion, viz. that the sugar which plaintiff claims it sold to defendant as Java white granulated sugar was not such sugar. Plaintiff moved to strike out this provision of defendant's second amended answer, claiming that the evidence showed that defendant had refused to receive the sugar contracted for wholly on the ground and for the reason that it had no contract with plaintiff for the purchase thereof, and having based its reason for its conduct on that ground, was not entitled to litigate the new question raised by said second amended answer. This was overruled by the court, and both parties proceeded with the trial and introduced considerable evidence on this issue.

June 6, 1924, the court filed a document entitled "Memorandum on Final Hearing upon Reopening of the Case," and also "Additional Findings of Fact and Conclusions of Law," in which it found that by the contract plaintiff obligated itself to sell to defendant Java white granulated sugar; that the sugar actually imported by plaintiff for delivery to the defendant, and sold for defendant's account, was not granulated sugar, and was not of the character and quality defined by the term "granulated," and was therefore not the commodity named in said contract. The conclusion of law of the court was that the plaintiff had failed to comply with the terms of the contract and was not entitled to recover.

On June 25, 1924, judgment was rendered, dismissing plaintiff's petition with prejudice and giving to the defendant judgment against plaintiff for costs expended. A stipulation was entered into when the case was originally submitted to the court, in which it was agreed by counsel that the sugar contracted for was Java white granulated sugar. This was done to avoid an extended period of trial. At that time counsel for defendant had no knowledge of the facts as to the nature of the sugar; the same having been produced in Java and having been unloaded and sold at San Francisco. The court held that under these circumstances counsel for defendant was not estopped by the stipulation, entered into in good faith and in large measure in reliance upon statements emanating from plaintiff's counsel which statements it is conceded were entirely in good faith.

Both parties agree that the cause is reduced to two propositions, viz.: (1) Was the memorandum of the court, sent to the clerk and filed July 2, 1923, and copied into the record containing judgments, a final judgment? (2) Was defendant, after giving as a reason for its refusal to accept the sugar that there was no contract, entitled, after litigation was commenced and the case submitted, to change its ground, and put its refusal upon another and different consideration?

[1] I. If the memorandum was a final judgment, the court had no power to set it aside after the expiration of the April term, 1923, unless the proceeding therefor was commenced during that term, or unless so permitted by some statute, neither of which is claimed here. United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129; Wetmore v. Karrick, 205 U. S. 141, 27 S. Ct. 434, 51 L. Ed. 745; In re Metropolitan Trust Co., 218 U. S. 312, 31 S. Ct. 18, 54 L. Ed. 1051; Greyerbiehl v. Hughes Electric Co. (C. C. A.) 294 F. 802.

[2] If it was not a final judgment, then the case remained on the docket, and the court would have the power at the next term, in the exercise of its judicial discretion, to reopen the case for the purpose of receiving newly discovered evidence, or any other purpose consonant with justice and a correct decision, and unless there was clear abuse of such discretion the appellate court will not interfere. 4 Corpus Juris, p. 835; 2 R. C. L. p. 217, § 182; Omaha Real Estate & Trust Co. v. Reiter et al., 47 Neb. 592, 66 N. W. 658; State v. Cray, 31 N. D. 67, 153 N. W. 425; McIntyre v. Modern Woodmen of America, 200 F. 1, 121 C. C. A. 1.

At the close of its original memorandum opinion the court said, "Judgment accordingly," and these are the words relied on by plaintiff to show a final determination of the matter. The trial court evidently did not understand its original memorandum to be a judgment, for in its memorandum on defendant's motion to set aside submission of the case it said: "This case was heard at a previous term of this court, and a memorandum opinion filed, ruling upon the merits as then presented. This memorandum failing to be brought to the attention of counsel, no judgment was entered therein, and the case stands as though under advisement." Nor did the parties consider the memorandum as a judgment. In the stipulation for submission to the court, it is provided *that before a judgment is rendered* the judge will make a written finding of facts, etc.

[3] A judgment is the final sentence of the law upon the matter at issue in the cause as presented by the record. It is the final determination of the rights of the parties in an action. In re Moseley et al., 17 Fed. Cas. 886, No. 9,868; Davidson v. Smith, 7 Fed. Cas. 38, No. 3,608; Black on Judgments, § 115; State v. Klein, 140 Mo. 503, 41 S. W. 895; 4 Words and Phrases, First Series, p. 3829; Judge v. Powers, 156 Iowa, 251, 136 N. W. 315, Ann. Cas. 1915B, 280; 23 Cyc.

665; McTavish v. Great Northern Ry. Co., 8 N. D. 333, 79 N. W. 443; Oklahoma City v. McMaster, 196 U. S. 529, 25 S. Ct. 324, 49 L. Ed. 587; Butt v. Herndon, 36 Kan. 370, 13 P. 580. A final judgment leaves no further judicial act to be performed. The opinion of the court is not a judgment. It is merely the announcement of the reason or reasons for the conclusion the court has reached. The recording of such opinion in the book where judgments are recorded does not make it a judgment.

[4] An order for a judgment is not a judgment. In 33 Corpus Juris, p. 1055, is a very clear statement on this subject as follows: "An order merely directing or authorizing the entry of judgment in the case does not constitute a judgment; to have this effect it must be so worded as to express the final sentence of the court on the matters contained in the record and to end the case at once, without contemplating any further judicial action." In 15 Ruling Case Law, p. 570, the distinction between judgments and findings and opinions is stated as follows: "Neither the verdict of a jury nor findings of the court constitute a judgment. Nor do the conclusions of law stated by the judge during or after the trial of the case nor his opinion upon matters submitted, whether oral or in writing, necessarily form a part of the judgment proper. It has been correctly said that the decision of a court constitutes its judgment while the opinion represents merely the reasons for that judgment." See, also, Shepard v. Pettit and Another, Adm'rs, etc., 30 Minn. 119, 14 N. W. 511; Bode v. New England Investment Co., 1 N. D. 121, 45 N. W. 197; McTavish v. Great Northern Ry. Co., 8 N. D. 333, 79 N. W. 443; United States v. Gomez, 68 U. S. (1 Wall.) 690, 17 L. Ed. 677; 33 Corpus Juris, p. 1055; Kennedy v. Citizens' National Bank, 119 Iowa, 123, 93 N. W. 71; Child v. Morgan et al., 51 Minn. 116, 52 N. W. 1127; 7 R. C. L. p. 1015.

[5] The memorandum claimed to constitute a judgment does not purport to be the final judicial act. It does not adjudge or order that plaintiff shall recover any specified amount of money; it provides that there *shall be* a judgment according to the opinion of the court—not that there *is* a judgment by the instrument filed. No execution could have been issued thereon—no appeal taken therefrom. It was merely an order for a judgment.

The case relied on by plaintiff is a decision by this court. Smith v. Smith, 247 F.

461, 159 C. C. A. 515. The facts there are quite different from those here. By the terms of the decree in that case certain things were ordered and adjudged to be done. The marriage was dissolved. Plaintiff was ordered to pay alimony. Costs were taxed. Nothing of a judicial nature remained to be done. No further order was to be made. The court "ordered," "adjudged," "decreed." No such words are used here. The language in the memorandum, "it must follow," etc., indicates something further to be done. The most that could be claimed for the memorandum is that it had the weight of a general verdict of a jury. It did not constitute a special finding of facts. Consolidated Coal Co. of St. Louis v. Polar Wave Ice Co., 106 F. 798, 45 C. C. A. 638; York v. Washburn, 129 F. 564, 64 C. C. A. 132; National Masonic Acc. Ass'n of Des Moines v. Sparks, 83 F. 225, 28 C. C. A. 399; United States v. Sioux City Stockyards Co., 167 F. 126, 92 C. C. A. 578.

[6] A verdict of a jury has little efficacy, unless carried out by a judgment. Smith v. McCool, 83 U. S. (16 Wall.) 560, 21 L. Ed. 324. A verdict of a jury, without a judgment being entered, would leave a case upon the docket for action at a subsequent term. That the court would have the power to set aside a verdict of the jury on the question of newly discovered evidence, of course, is elementary. It could certainly do as much with its own opinion. Leary v. Leary and others, 68 Wis. 662, 32 N. W. 623.

No exception was taken to the introduction of the new testimony, and both parties and the court apparently considered that the case had been reopened for the purpose of introducing testimony on the issue as to whether the sugar alleged to be contracted for was the kind of sugar which plaintiff had agreed to sell. There is no assignment of error that the court had not by proper order reopened the case, and this question is first raised in this court. The suggestion that the court had lost jurisdiction is somewhat tardy. Syracuse Tp., Hamilton County, Kan., v. Rollins, 104 F. 958, 44 C. C. A. 277. However, we are satisfied the original memorandum did not constitute a judgment, and therefore the case was upon the docket of the October term, 1923. The court had the right to reopen it in the interest of justice, and to hear newly discovered testimony. As there was no abuse of the court's discretion, its action was not error.

II. Defendant's original declination to receive the sugar was based on a claim that it had no contract with plaintiff. Evidence was taken on this issue, the case submitted, and the court later filed the memorandum opinion expressing its view that there was a contract, and that plaintiff was entitled to recover. After the submission of the case was set aside at the October term, 1923, as before pointed out, defendant filed a second amended answer, alleging, in addition to the matter in the first amended answer, that the sugar which plaintiff claimed defendant had purchased was not Java white granulated sugar. The purpose in setting aside the submission was to permit this further defense to be heard. It was a necessary part of plaintiff's case to show that the sugar was Java white granulated. The court heard the evidence and filed what it termed "Memorandum upon Final Hearing upon Reopening of the Case," and also, "Additional Findings of Fact and Conclusions of Law," one of which findings is as follows: "With respect to the sugar in controversy, the court finds that by said contract plaintiff obligated itself to sell to defendant Java white granulated sugar; that the words 'white granulated sugar' were trade-names of the sugar and grocery trade in the United States, known to plaintiff and defendant alike in said trade, and meaning 'refined pure white sugar, free from molasses and foreign substances, dry and free running.' That the sugar actually imported by plaintiff for delivery to the defendant, and sold for defendant's account, was not granulated sugar, and was not of the character and quality defined by the term 'granulated,' and was therefore not the commodity named in said contract."

Plaintiff now claims that defendant has changed its original ground of defense, that after commencement of the litigation it has put its conduct upon another ground, and has therefore attempted to mend its hold, and should not be permitted so to do. Reliance in argument is placed on Railway Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693, and on Davis v. Wakelee, 156 U. S. 680, 15 S. Ct. 555, 39 L. Ed. 578. The McCarthy Case, supra, does decide that, where a party gives a reason for his conduct and decision touching matters involved in the controversy, he cannot, "after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold." This is the part of the McCarthy Case generally quoted, but there is more than this to the opinion. The foregoing language is followed by this: "He is estopped from doing it by a settled principle of law." This lat-

ter quotation shows that the doctrine therein announced is based on equitable estoppel.

In Old Colony Trust Co. v. Lawyers' Title & Trust Co. (C. C. A.) 297 F. 152, 156, referring to the McCarthy Case, the court said: "As pointed out in that case, this doctrine is really founded on the principle of estoppel, and estoppel presupposes either knowledge or information of a sufficient character, or the means of obtaining such knowledge or information by reasonable inquiry in the circumstances. In the absence of such knowledge or information, there can be neither waiver nor estoppel, particularly in regard to a defect which cannot be cured." See, also, Mente et al. v. De Witt Rice Mill Co., 251 F. 252, 163 C. C. A. 408, Second Nat. Bank of Allegheny v. Lash Corporation (C. C. A.) 299 F. 371, and Galle et al. v. Hamburg Amerikanische Packetfahrt Actien Gesellschaft, 233 F. 424, 426, 147 C. C. A. 360, where it is said:, "Estoppel in pais only arises from such acts and declarations as by reasonable intendment induce another to alter his position injuriously to himself, or enable the first party to reap a personal benefit from what was said or done. This case falls far short of measuring up to the rule. There is no evidence that plaintiff relied upon the statement made, or changed his position by reason thereof."

The contention of plaintiff here is that the defense as to the kind of sugar set forth in the second amended answer was waived, and by inference-that defendant is estopped from setting up the same, in view of the fact that it had not claimed it as the original reason for refusing to receive the sugar.

[7, 8] A waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. Rand et al. v. Morse et al. (C. C. A.) 289 F. 339. This court said in Williams v. Neely et al., 134 F. 1, 11, 67 C. C. A. 171, 181 (69 L. R. A. 232), that the essence of waiver is estoppel, and that where there is no estoppel there is no waiver, citing Insurance Co. v. Wolff, 95 U. S. 326, 24 L. Ed. 387, and Assurance Co. v. Building Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213, and further laid down the indispensable elements of an estoppel as ignorance of the party invoking the estoppel a representation by the party estopped which misleads, and "an innocent and deleterious change of position in reliance upon that representation."

[9, 10] Do the facts in this case warrant the application of the rule of the McCarthy Case. The evidence shows that at the time of filing its original answer defendant had no knowledge that the sugar was not Java white granulated sugar, as claimed, and did not know this fact until December, 1923. Plaintiff suggests in argument that, had it known of this before, it might not have imported the sugar, and hence claims it was prejudiced by the failure of defendant to state this as its grounds for refusing to receive the sugar. The evidence does not support this contention. The contract upon which plaintiff bases its right to recover is alleged to have been entered into on May 27, 1920. The testimony shows that the sugar alleged to have been sold to defendant was transferred from a sale previously made to other parties; that the sugar was purchased by the seller from one Lewin. The contracts of purchase were dated April 23, 1920, and April 17, 1920, while the contract, under which the sugar covered by this alleged purchase was delivered to the plaintiff, was dated May 14, 1920. So it appears that, prior to the date of the alleged contract on which plaintiff bases its right to recover, the sugar had been purchased by the seller, and it must have known, in view of the court's finding of fact on the question, that it was not the kind of sugar it had contracted to sell defendant. Consequently there could be no prejudice to plaintiff in defendant not pleading such fact in its original defense. Further, at the time of the filing of plaintiff's petition, it had sold and delivered for the defendant's account all of the sugar which it claimed it had a right to deliver under its alleged contract with the defendant.

However, in view of the fact that defendant had no knowledge that the sugar was not Java white granulated sugar, it could not well be held to have waived something that it knew not of. It appears in the evidence that defendant, through its counsel, entered into a stipulation, relying on statements emanating from plaintiff and its counsel that the sugar shipped was Java white granulated sugar. Counsel on both sides so believed, and in order to save time in the trial entered into the stipulation. It was a natural agreement to make, as that subject was apparently not in dispute, and no wrong is imputed to counsel for such representations; but we think plaintiff is not in position now to insist that by virtue of said stipulation defendant is precluded from raising the question that it was not Java white granulated sugar, having subsequent to the time of the stipulation discovered such fact. For plaintiff to have held defendant for a breach of

contract it must have been shown that the sugar sold for defendant's account was Java white granulated sugar. Under the findings of the court it was not, and under the evidence it is quite apparent that such fact could not have been established. This fact, however, must have been known to the plaintiff, though evidently not to its counsel. Hence plaintiff cannot now claim that it has been misled by defendant not pleading a fact fully known to it, but of which defendant was ignorant. Nor can plaintiff insist that defendant is estopped because it relied on representations made by plaintiff or its representatives as to the character of the sugar. Estoppel cannot be invoked to establish injustice.

The doctrine of the McCarthy Case does not apply to the circumstances of this case. The cases in 229 F. 705, 144 C. C. A. 115 (Polson Logging Co. v. Neumeyer et al.) and (C. C. A.) 299 F. 371 (Second National Bank of Allegheny v. Lash Corporation), cited by plaintiff, are based on entirely different facts than those disclosed in this record.

There was no waiver of defendant's right to insist on the defense set up in the second amended answer, nor does the evidence show circumstances from which an estoppel could be implied. Rand et al. v. Morse et al. (C. C. A.) 289 F. 339; Old Colony Trust Co. v. Lawyers' Title & Trust Co. (C. C. A.) 297 F. 152.

As the finding of the court, viz. that the sugar actually imported by plaintiff for delivery to defendant and sold for defendant's account was not Java white granulated sugar, and not the commodity named in the contract, is supported by the evidence, that question cannot be assailed here and that finding, in view of our conclusion on the first proposition urged, ends the case.

The judgment should be and is affirmed.